621 P.2d 408

Marvin TREMAYNE and Fern Tremayne, husband and wife, and Roy Tremayne, Plaintiffs–Appellants,

v.

Velma TAYLOR, Ireta Jane Croft, Personal Representative of the Estate of Margaret Gordon Tremayne and Heirs of Hyrum S. Tremayne, Jr., Defendants–Respondents.

No. 13294.

Supreme Court of Idaho.

Dec. 23, 1980.

Larry R. Duff of Goodman, Duff & Chisholm, Rupert, for plaintiffs–appellants.

Herman E. Bedke of Nielson & Bedke, Burley, for defendants–respondents.

BISTLINE, Justice.

Marvin and Roy Tremayne, brothers, initiated this quiet title action against their sisters, Velma Taylor and Ireta Jane Croft, claiming to have adversely acquired owner-

ship of the one acre tract here at issue. The sisters, Taylor and Croft, in their answer and counterclaim, claimed ownership of the major interest in the acre both through inheritance and through quitclaim deeds obtained from other relatives. The district court denied the Tremaynes' claim, and ordered that the parcel be sold and the proceeds divided if the parties could not otherwise settle their differences. The Tremaynes appeal the denial of their claim of ownership through adverse possession.

The acre in question was originally owned by Hyrum Tremayne, Jr., an uncle of the parties. In 1962, following Hyrum's death, Marvin and Roy began using the acre for their horse breeding business, and used the property for that purpose up to and including the time of trial. Marvin Tremayne has paid the taxes on the property since 1962. There was testimony at trial that these taxes were approximately equal to the rental value of the property. There was also testimony from three witnesses who lived in the vicinity of the property that they believed that Marvin and Roy were the owners of the property.

■ This Court defined the elements of adverse possession in *Hawe v. Hawe*, 89 Idaho 367, 406 P.2d 106 (1965): "[T]here are but three elements to be established: (1) the intent; (2) the adverse possession in fact; and (3) the knowledge or notice." 89 Idaho at 378, 406 P.2d at 111 (quoting Anno., 82 A.L.R.2d 5, 24 (1962)). The burden of proving the elements of adverse possession is upon the party relying upon or claiming title by adverse possession, I.C. § 5–210; *Salvis v. Lawyer*, 73 Idaho 469, 253 P.2d 589 (1953), and this burden reaches its zenith when the parties against whom the claim of adverse possession is made are cotenants and blood relatives of the claimant.[1] As was stated in *Smith v. Smith*, 95 Idaho 477, 511 P.2d 294 (1973):

> "Knowledge of occupation is not the same as knowledge of adverse possession. Since the parties here were brothers and sister, the occupation was not hostile

since no equivocal act by appellant put [the claimants' siblings] or their heirs on notice of the alleged adverse possession." 95 Idaho at 483, 511 P.2d at 300 (footnote omitted).

*See also Yin v. Midkiff*, 52 Haw. 537, 481 P.2d 109 (1971).

■ The first issue before us is the sufficiency of the evidence to support the trial court's findings that the elements of adverse possession were not present here. What constitutes the elements of adverse possession is a matter of law. Whether those elements are present in a given case, however, is a question of fact. In this case, the trial court found "[t]hat the manner of the occupation of the one acre by the plaintiffs was not 'brought home' to the defendants that such plaintiffs were claiming adversely to the defendants' interest in the one acre."

■ A cotenant who claims to have adversely possessed the interest of his cotenants must prove that the fact of adverse possession was "brought home" to the cotenants. As stated in *Vaughan v. Hollingsworth*, 35 Idaho 722, 208 P. 838 (1922):

> "Before adverse possession by one tenant in common against another can begin, the one in possession must, by acts of the most open and notorious character, clearly show to the world, and to all having occasion to observe the condition and occupancy of the property, that his possession is intended to exclude, and does exclude, the rights of his cotenant.... He must, in the language of the authorities, 'bring it home' to his cotenant." 35 Idaho at 731, 208 P. at 841 (quoting *Elder v. McClaskey*, 70 F. 529, 542 (6th Cir. 1895)).

*See Smith v. Smith, supra; Flora v. Gusman*, 76 Idaho 188, 279 P.2d 1067 (1955); *Chapin v. Stewart*, 71 Idaho 306, 230 P.2d 998 (1951).

■ Although actual notice of adverse possession is not a prerequisite to such a claim as that made here, the absence of actual notice does mean that the Tremaynes

---

1. A corollary of this rule is the presumption that a cotenant holds for the benefit of all cotenants and not adversely. *Chapin v. Stewart*, 71 Idaho 306, 230 P.2d 998 (1951).

must rely entirely upon their acts as proof of constructive notice, *i. e.*, that the fact of their adverse possession was "brought home" to Taylor and Croft. In light of the Tremaynes' heavy burden of proof on this element of adverse possession it cannot be said that the record fails to support the trial court's finding that "the manner of the occupation of the one acre by the plaintiffs was not 'brought home' to the defendants .... "[2]

The Tremaynes urge the alternative theory that since the sisters failed to affirmatively assert their rights to the property for a period in excess of fifteen years, application of the doctrine of laches precludes them from asserting those interests at this time. It was stated in *Finucane v. Hayden*, 86 Idaho 199, 384 P.2d 236 (1963), that the elements of laches are:

"(1) defendant's invasion of plaintiff's rights, (2) delay in asserting plaintiff's rights, the plaintiff having had notice and opportunity to institute a suit, (3) lack of knowledge by defendant that plaintiff would assert his rights, and (4) injury or

prejudice to defendant in event relief is accorded to plaintiff or the suit is held not to be barred." 86 Idaho at 205, 384 P.2d at 240.

Since the trial court concluded that Taylor and Croft were not put on notice of the Tremaynes' claim of exclusive right to the one acre, it is manifest that the Tremaynes have not proven the second element necessary for establishing laches, *i. e.*, delay in asserting [by Taylor and Croft] rights *after* having had notice and opportunity to institute a suit. The judgment is affirmed.

Costs to respondents. No attorneys' fees allowed.

DONALDSON, C. J., and SHEPARD, BAKES and McFADDEN, JJ., concur.

---

2. In light of our upholding the trial court's finding that notice of the adverse claim was never brought home to Taylor and Croft, we need not address the Tremaynes' arguments as to the other elements of adverse possession.