676 P.2d 722

**Eldon FAIRCHILD and Rose Fairchild, husband and wife, Plaintiffs-Appellants,**

**v.**

**Alton FAIRCHILD and Lucy Fairchild, husband and wife; Glen Fairchild; George Fairchild and Ethyl Fairchild, husband and wife; Asahel Fairchild and Verla Fairchild, husband and wife; Mildred Gorringe, a single person; Melvin Bates and Mayzel Bates, husband and wife; Hazel Sager and Ray Sager, husband and wife; Brent Fairchild, a single person; John F. Martin and Claudia Martin, husband and wife; Rex Martin and Nadine Martin, husband and wife; Grant Martin, a single person; Alta Birch and Golden Birch, husband and wife; Maxine Adams and Ernest Adams, husband and wife; LaVon Severe and Forrest Severe, husband and wife; Sharon Mulynex and Ron Mulynex, husband and wife; Shirley Gore and Clyde Gore, husband and wife; Harold Dean Fairchild and Maralyn Fairchild, husband and wife; Elaine Schooler, a single person; Lloyd W. Fairchild and Donna Fairchild, husband and wife; George Fairchild, as Personal Representative of the Estate of the Decedents, John H. Fairchild and Louisana Fairchild; and all unknown heirs, assigns and administrators of the Estates of the Decedents Sam Fairchild, Mary Bates, Wayne Fairchild and Bertha Martin, Deceased; and all unknown persons and parties who may have or claim an interest in that certain realty situated in Cassia County, State of Idaho, and more particularly described as follows: The following described tracts of land beginning at the NE corner of the South Half of the South West Quarter (S½SW¼) of Section thirty-three (33) TWN. thirteen (13) South, Range Twenty Three (23) East of the Boise Meridian, Cassia County, Idaho, Thence run West 93 rods, thence South 24 rods, thence East 93, thence North 24 rods to the place of beginning and 5″ of**

---

1879 Water and 10″ of the 1882 Water of Basin Creek as decreed, Defendants-Respondents.

No. 14186.

Court of Appeals of Idaho.

Jan. 31, 1984.

R.M. Whittier of Whittier & Souza, Pocatello, for plaintiffs-appellants.

Herman E. Bedke of Bedke & Whipple, Burley, for defendants-respondents.

WALTERS, Chief Judge.

Eldon and Rose Fairchild appeal from a district court judgment holding that they had not gained title to certain real property by oral conveyance or adverse possession. The court ruled that Eldon and Rose were cotenants with the respondents, Eldon's brothers and sisters and other relatives, who were heirs of Eldon's mother. The dispute concerns thirteen acres of land. On appeal, Eldon argues that several of the court's findings and conclusions were erroneous. Both appellants and respondents request attorney fees on appeal. We affirm the judgment and award attorney fees to the respondents.

I

The court found the following facts. In 1939, Eldon joined with his parents, John and Louisiana Fairchild, in executing an extension of a mortgage loan on farm property owned by John and Louisiana. At that time, Eldon entered into an oral agreement with his parents to operate the entire farm. In March, 1946, John and Louisiana deeded to Eldon the farm, with the exception of thirteen acres where their home was located, upon the condition that Eldon assume and pay the existing mortgage. At the same time, Eldon entered into a contract to purchase certain cattle and equipment from his parents. Simultaneously with the execution of the deed to Eldon and of the contract to purchase cattle and equipment, John deeded the remaining thirteen acres to his wife, Louisiana. In 1953, John and Louisiana gave the State of Idaho a public assistance lien on the thirteen acres. *See* former I.C. § 56–224a. John died in 1954 and Louisiana died in 1961.

The court found that Eldon had farmed the thirteen acres around John and Louisiana's home since 1939, and he continued to do so after their deaths until 1977 when he sold all of the farm except for the thirteen acres. Thereafter the purchasers of the farm operated the thirteen acres as rental property. The court found that Eldon had paid taxes on the thirteen acres, as well as on the other land conveyed to him, since 1946. It also found that two of Eldon's brothers, Asahel and George, did not interfere with Eldon's possession or use of the thirteen acres because Asahel and George believed, erroneously, that the State of Idaho owned the land under the public assistance lien.

Effective July 1, 1977, I.C. § 56–224a was repealed, and I.C. § 56–224c, which excused all old-age public assistance liens, was enacted. 1976 Idaho Sess.Laws, ch. 250, § 2, p. 856. George and Asahel testified at trial that, after they discovered the public assistance lien had been excused, they asked Eldon to "probate the property." The court found that although Eldon promised them he would probate the estates of John and Louisiana, he did not do so. George testified that when Eldon failed to probate the estates, he retained an attorney to probate the estates. In an order dated November 22, 1978, a magistrate determined that when Louisiana died in 1961, she owned the thirteen acres which are now in dispute. The magistrate also determined who Louisiana's heirs were.

Eldon then brought this suit to quiet title to the thirteen acres. After trial, the court concluded that Eldon had failed to prove that John and Louisiana had orally agreed to convey the thirteen acres to him and that Eldon had failed to meet the "heavy" burden of proof of adverse possession and hostile intent which must be shown when the parties against whom a claim of adverse possession is made are cotenants and blood relatives. The court recognized the interests of the heirs in the property, with the exception of two heirs who failed to appear in the lawsuit. This appeal followed.

## II

As hereinafter discussed, Eldon argues that several of the court's findings of fact are erroneous. On appeal, findings of fact which are supported by substantial, competent evidence will not be deemed clearly erroneous and, therefore, will not be disturbed. I.R.C.P. 52(a); *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

First, Eldon asserts that the finding that there was no oral agreement between John and Louisiana to convey the thirteen acres to him is erroneous. The record shows, and the court found, that John conveyed his interest in the subject property to Louisiana, by an unrecorded deed in March, 1946. This conveyance occurred at about the same time that John and Louisiana conveyed title to the other part of the farm to Eldon. Later, John and Louisiana granted the State of Idaho a public assistance lien on the thirteen acres, to secure repayment of any award of old-age assistance. The trial court found that these conveyances—the deed to Louisiana and the lien in favor of the state—refuted any intention of John and Louisiana to convey the thirteen acres to Eldon. It found that Eldon had failed to prove that an oral agreement existed. This finding is not clearly erroneous. We will not disturb it.

Eldon next asserts that the court erroneously found that he and the other heirs were cotenants of the thirteen acres. The trial court had found that "Louisiana Fairchild died on February 18, 1961, leaving as her heirs her children and the surviving grandchildren [sic] of those children who had predeceased her, who all became cotenants in the thirteen acres in question." We view the statement that "all became cotenants" as a conclusion of law, reached by applying existing law to the findings of fact. *See* I.C. § 15–2–103 (concerning the share of the decedent's heirs); and I.C. § 15–3–101 (decedent's property devolves to his heirs at death). This conclusion is correct. We uphold it.

■ Eldon also contends that the evidence does not support a finding that the respondents did not intend to give up any claim of interest in the real property. He asserts that the only evidence on that issue shows that the respondents thought the property belonged to the State of Idaho by virtue of the public assistance lien. However, evidence that George and Asahel Fairchild asked Eldon to probate the estates, and that George later undertook the task himself, when they became aware that the state had excused the public assistance liens, supports the court's finding that the respondents did not intend to give up any claim they had in the property. This finding is supported by substantial, competent evidence and is not clearly erroneous. We will not disturb it on appeal.

■ Eldon further contends that the trial court erroneously found that he had failed to carry his burden of proving his claim of title to the thirteen acres by adverse possession. He argues that the evidence shows he exercised exclusive possession of the property, paid property taxes on it, improved the property and claimed exclusive title to the property for sixteen years. However, to carry his burden of proof, it was incumbent upon Eldon to overcome a presumption that a cotenant holds possession of property for the benefit of all cotenants and not adversely. *Tremayne v. Taylor*, 101 Idaho 792, 621 P.2d 408 (1980); *Chapin v. Stewart*, 71 Idaho 306, 230 P.2d 998 (1951). Our Supreme Court has stated that this burden is even greater when the cotenants are blood relatives. *Tremayne v. Taylor, supra; Smith v. Smith*, 95 Idaho 477, 511 P.2d 294 (1973).

■ The trial court concluded that Eldon's possession, use and maintenance of the property, and his payment of taxes were not sufficient to show possession which is adverse as to cotenants who are blood relatives. *Tremayne v. Taylor, supra; Smith v. Smith, supra.* We uphold this conclusion. Also, contrary to Eldon's assertion that he had claimed exclusive title to the property, the trial court found that Eldon never gave the respondents actual notice that he was holding the property adversely to their interests, and that he never "brought home" to the defendants the adverse nature of his possession. Substantial competent evidence supports that finding.

Eldon next asserts that the trial court erroneously found that the benefits and rents which Eldon received from the use of the land exceeded the amounts paid for taxes and improvements. He submits that no evidence was presented to support such a finding.

■ From our review of the record, we agree with Eldon's contention—there was insufficient evidence to support such a finding. However, we conclude that no reversible error resulted from this finding. Eldon neither plead nor proved any claim for reimbursement of expenses from the respondents. Thus a finding in respect to any offset between the benefits he had received and the expenses he had incurred was immaterial to the issues presented in this litigation. Although Eldon testified generally that he had incurred expenses in respect to the property, he did so apparently to show his management of the property to the exclusion of the respondents, on the adverse possession issue. As noted, the trial court concluded that Eldon otherwise had not proved he was entitled to the property by adverse possession. This conclusion is supported by the evidence. Therefore, the court's finding in respect to benefits *vis-a-vis* expenses, albeit erroneous because of lack of support in the evidence, does not require reversal of the judgment.

Finally, Eldon asserts that the trial court erred in concluding "that the [respondents] need not repay [Eldon] for a pro rata share of expenses incurred" by him during his possession of the property. And he contends the trial court "erred in finding that the [respondents] were not guilty of laches in waiting" to assert their claims against the property. However, neither of these findings or conclusions appears in the record and it is evident that the court did not make either of these determinations as Eldon contends.

**152**

As noted above, Eldon neither pled a claim, nor presented any evidence at trial, concerning the issue of reimbursement for his expenses. Nor did he assert, or prove, laches as an affirmative defense to the respondents' counterclaim disputing his quiet title action based on adverse possession. *See* I.R.C.P. 8(c). Thus these issues were not presented to the trial court for determination. Eldon is, in essence, asking us to make these determinations, for the first time, on this appeal. We are precluded from doing so. *Christensen v. Idaho Land Developers, Inc.*, 104 Idaho 458, 660 P.2d 70 (Ct.App.1983).

### III

Both parties request attorney fees on appeal. Idaho Code § 12–121 provides that "[i]n any civil action, the judge may award reasonable attorney fees to the prevailing party or parties." Rule 54(e)(1), I.R.C.P. provides that attorney fees under I.C. § 12–121 may be awarded only when the court "finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Eldon cannot be awarded his attorney fees because he did not prevail on the merits.

In this appeal, Eldon has not been able to point to any finding of fact, with one exception, which was not supported by substantial and competent evidence. That exception did not affect the trial court's ultimate conclusions of law. We otherwise simply have been asked to second-guess the trial court on its factual determinations. *See T-Craft Aero Club, Inc. v. Blough*, 102 Idaho 833, 642 P.2d 70 (Ct. App.1982). Moreover, we have not been asked to establish any new legal standards, nor to modify or clarify any existing standards. Rather, the narrow focus of this appeal has been the application of settled law to the facts. Furthermore, there was no showing that the trial court misapplied the law. *Scott v. Castle*, 104 Idaho 719, 662 P.2d 1163 (Ct.App.1983). We hold that this appeal was brought frivolously, unreasonably and without foundation. There-

fore, we will award attorney fees on this appeal to the respondents, in an amount to be determined as provided in I.A.R. 41(d).

Judgment affirmed. Costs and attorney fees on appeal to respondents.

BURNETT and SWANSTROM, JJ., concur.