696 P.2d 916

**Beatrice M. HEACOCK, Plaintiff-Respondent,**

**v.**

**Ronald E. MADSEN and Kathryn Elizabeth Madsen, Defendants-Appellants.**

**No. 15047.**

Court of Appeals of Idaho.

Feb. 11, 1985.

Rehearing Denied March 29, 1985.

Petition for Review Denied
April 30, 1985.

Ronald E. Madsen, Salt Lake City, Utah, and Linda L. Holdeman, Boise, for defendants-appellants.

William M. Killen, McCall, for plaintiff-respondent.

WALTERS, Chief Judge.

Beatrice Heacock initiated this action in 1982 to quiet title to realty located in Val-

ley County. Besides Heacock, the only claimants to the property were Ronald and Kathryn Madsen. The Madsens asserted an interest in the property as successors to a cotenant. The trial court quieted title in Heacock and the Madsens have appealed. The sole issue is whether Heacock acquired the Madsens' interest in the property by adverse possession. We hold the trial court erred in concluding Heacock proved adverse possession as against the Madsens. We reverse the judgment and remand for entry of a modified judgment confirming title to the property in Beatrice Heacock and the Madsens as cotenants.

Three children—Henry, Russell and Edwin—were born to Arthur and Jennie Heacock. Arthur died in 1908 while the children were quite young and in 1911, Jennie married Phillip Antcil. In 1912 Jennie acquired a patent to the property now in dispute. Gladys Antcil was the only child born to Phillip and Jennie. Because both her parents died before she was fifteen, Gladys moved to Pennsylvania to live with her older half-brother, Henry. Edwin remained in possession of the property following the deaths of Jennie in 1918 and Phillip in 1929. After Henry quit-claimed his interest in the property to Edwin, and after Russell died intestate and without a surviving spouse or issue, Edwin and Gladys became the only claimants to the property.

Edwin and his wife Beatrice (hereinafter the Heacocks) filed a quiet title action in 1969, naming the unknown devisees of Phillip Antcil and "all unknown claimants and parties in interest" to the property as defendants. Gladys was not named as a defendant in the action; the complaint alleged "[t]hat the Plaintiff, Edwin Heacock, and the defendant, Henry Heacock are the only living children of Jennie Anctill [sic] and her only heirs at law." However, Gladys was still alive and residing in Pennsylvania. When she discovered the suit had been filed, she caused an answer to be filed through an Idaho attorney. In her answer, Gladys claimed an interest in the property as "a cotenant or tenant in common" and affirmatively prayed for a decree partitioning the interests of the parties in the land. That quiet title suit was dismissed in 1971 for inaction, I.R.C.P. 40(c), because the Heacocks did not pursue their claim. Edwin died in 1976 and his interest passed to Beatrice. In 1982 the present quiet title action was filed by Beatrice. She claimed she and Edwin had acquired the full title, as against Gladys, to the property by adverse possession. Before trial, Gladys conveyed her interest in the property to Kathryn and Ronald Madsen.[1] Upon their motion, the Madsens were substituted for Gladys in the action.

Following a bench trial, the district court determined, before considering Beatrice's claim of adverse possession, that Beatrice had a 4/9ths interest and Gladys had a 5/9ths interest in the property under the law of intestate succession. The correctness of that determination is not in issue. The trial judge then held that the Heacocks had acquired Gladys' interest in the property by adverse possession. The judge believed the notice Gladys received in 1969, when the first quiet title action was filed, was sufficient to satisfy the requirement that one who claims by adverse possession must show actual or constructive knowledge or notice of the adverse claim to the persons against whom the claim is asserted. We hold, on the facts present in this case, the district court erred in its conclusion regarding the adequacy of the notice.

Three elements of adverse possession are intent, adverse possession in fact, and knowledge or notice. *Tremayne v. Taylor*, 101 Idaho 792, 621 P.2d 408 (1980). The burden of proving the elements of adverse possession rests with the party claiming title by adverse possession. *Id.* "[T]his burden reaches its zenith when the parties against whom the claim of adverse possession is made are cotenants and blood

---

1. Kathryn Madsen is the daughter of Henry Heacock, the niece of Edwin Heacock and the niece of Gladys Antcil.

relatives of the claimant." *Id.*, 101 Idaho at 793, 621 P.2d at 409. There is a presumption that a cotenant holds for the benefit of all cotenants and not adversely. *Chapin v. Stewart,* 71 Idaho 306, 230 P.2d 998 (1951). Because of this presumption, a cotenant claiming by adverse possession "must show by clear and convincing evidence that the elements of the adverse possession were all present." *Hawe v. Hawe,* 89 Idaho 367, 379, 406 P.2d 106, 112 (1965). In this case, we are concerned only with the notice or knowledge element. When one cotenant claims to have adversely possessed the interest of another cotenant, the notice or knowledge element is satisfied if the claimant in possession notified the other cotenant that possession of the property was intended to exclude, and did exclude, the rights of the non-possessory cotenant. *Tremayne v. Taylor, supra,* (quoting *Vaughan v. Hollingsworth,* 35 Idaho 722, 208 P. 838 (1922)) Because the law presumes that a cotenant holds for the benefit for all cotenants and not adversely, the cotenant in possession must "bring it home" to the non-possessory cotenant that the claimant's possession is exclusive of the rights of the one not in possession.

Applying the above rules to this case, because the Heacocks and Gladys were cotenants and blood relatives, Beatrice had the burden to prove by clear and convincing evidence that all elements, including notice, were present in order to adversely possess the property against Gladys' interest. The trial court held that Beatrice satisfied this burden. On appeal, we review the record to determine whether the trial court's findings are supported by substantial competent evidence. *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). Here, we do not believe the record supports a finding that Beatrice established that Gladys was notified of the Heacocks' intent to possess the property exclusive of Gladys' rights. Nor is there any evidence showing that Gladys otherwise had knowledge of the Heacocks' claim. Beatrice asserts, and the trial court found, the filing of the 1969 quiet title action gave Gladys the required notice. We disagree. The suit did not name Gladys as a defendant, and after Gladys filed an answer, the Heacocks did not pursue their claim. Besides the pleadings in that lawsuit, there is no evidence of communications passing between the Heacocks and Gladys. The Heacocks' conduct in filing the first quiet title action and then allowing that action to be dismissed was equivocal, since it could readily be interpreted either as a willingness to respect Gladys' interest in the property, or as an expression of an intent to adversely possess. Under these circumstances we hold that the mere filing of a quiet title action, followed by allowing the action to be dismissed, is not substantial evidence, by itself, of notice of the continued assertion of adverse possession. There being nothing else in the record to demonstrate that the Heacocks' intent was "brought home" to Gladys, we hold that Beatrice failed to prove the elements of adverse possession. The trial court erred by quieting title in Beatrice.

The judgment entered below is reversed. The cause is remanded with instructions to enter a judgment or decree quieting title to a ⁴/₉ths interest in Beatrice Heacock and title to a ⁵/₉ths interest in the Madsens, as cotenants. No attorney fees on appeal. Costs to appellants, Ronald and Kathryn Madsen.

BURNETT and SWANSTROM, JJ., concur.