755 P.2d 3

**Sherri DAVIS, now known as Sherri Stetz, Plaintiff–Appellant,**

v.

**George DAVIS, Defendant–Respondent.**

No. 16963.

Court of Appeals of Idaho.

May 5, 1988.

As Corrected on Denial of Rehearing June 20, 1988.

Petition for Review Denied Sept. 8, 1988.

John B. Kugler, Pocatello, for plaintiff-appellant.

Bryan K. Murray, McDougall & Murray, Pocatello, for defendant-respondent.

PER CURIAM.

This appeal centers on disputes over child support and child custody which arose after the entry of a divorce decree. The appeal initially was taken from the magistrate division to the district court, where it was dismissed because the appellant had not furnished the district court a transcript of an oral argument on a motion presented to the magistrate. The same appellant now argues to us that the district court erred by dismissing the appeal on this procedural ground, without considering the substantive merits of the issues she raised. As explained below, we agree that the appeal should not have been dismissed but we further hold that the appellant was not entitled to prevail upon the substantive issues. Accordingly, we let stand the district court's order and leave the magistrate's order intact.

The facts essential to our opinion are as follows. In 1979, the magistrate division of the district court in Bannock County entered a decree dissolving the marriage of Sherri Davis (now known as Sherri Stetz) and George Davis. Sherri received custody of the couple's two minor children, subject to reasonable visitation. George was ordered to pay support in the amount of $75 per child per month.

George subsequently defaulted on the support payments. In 1983 Sherri, who since had moved to Wyoming, commenced a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA). The URESA matter was heard in Bannock County, where George continued to reside. He appeared and initially denied the existence of any support arrearage, claiming that he was entitled to an even larger offset for certain debts he had paid on Sherri's behalf. This controversy led to an evidentiary hearing. During that hearing George was represented by counsel other than his present attorney, and Sherri was represented on her URESA complaint by the Bannock County Prosecuting Attorney's Office. After the hearing, a magistrate found that George was entitled to a credit but that, after allowing the credit, there still remained a child support delinquency of nearly $5,000.

Although this finding did not coincide with the result sought by either party, they negotiated, through their respective counsel, a stipulation providing the manner in which future support payments would be made and the delinquency would be discharged. In June, 1984, the magistrate entered an order adjudging George liable for the delinquency and incorporating the terms of the stipulation with regard to payment.

At about the same time, George filed a petition with the magistrate, seeking a modification of the divorce decree with respect to child custody and visitation. Claiming that he had been deprived of reasonable contact with his children, he initially sought a change of custody but ultimately narrowed the petition to a request for a specific visitation schedule. In response to this petition, Sherri claimed that she lacked funds to litigate the custody and visitation issues in Bannock County. She requested that George be required to pay $1,000 toward her litigation expenses. The magistrate eventually agreed. She also filed, in May, 1986, an affidavit claiming that when the support arrearage had been determined and the stipulation executed, she had been unaware of an entitlement to interest on each of the overdue monthly support payments. Accordingly, she asked the magistrate to modify the support order to include such interest in the approximate amount of $2,000. Finally, she alleged that George was in contempt of court for failing to make the $1,000 payment as earlier directed and for failing to comply with certain provisions of a temporary child custody and visitation order which had been entered by the magistrate while the modification petition was pending.

In 1986, after hearing argument on all these matters, the magistrate found that George indeed had violated the order to pay the $1,000. Because George was no longer seeking a modification of custody, the magistrate did not redirect him to pay the $1,000; but the magistrate awarded attorney fees of $250 on that issue. The

magistrate refused to find George in contempt for his alleged violation of the temporary custody and visitation order. The magistrate failed to take any final action on the amended modification petition. He also failed to make any award of interest on the child support arrearage. Sherri appealed to the district court; George did not.

The district judge directed Sherri to furnish transcripts of proceedings in the magistrate division. She complied by providing transcripts of all evidentiary hearings; however, she did not provide a transcript of counsel's oral argument on the motions before the magistrate in 1986. The district judge stated that due to Sherri's failure to "furnish this crucial transcript, the Court is unable to determine the basis upon which the [magistrate's] order appealed from was entered." The district judge dismissed Sherri's appeal without reaching the merits of the issues she raised. She appealed again, bringing the issues to us.

■■■ We preface our discussion of those issues by noting that we respectfully disagree with the district judge's decision to dismiss the appeal. Although it is within the judge's discretion to order transcripts of proceedings in the magistrate division, I.R.C.P. 83(j), a general order for transcripts ordinarily does not include oral arguments by counsel on motions. *See* I.A.R. 25. If such argument is to be transcribed, it should be specified in the district judge's order. In this case, it was not so specified and it does not appear that the judge afforded Sherri or her counsel an opportunity to provide such a supplemental transcript before he dismissed the appeal. However, it does not necessarily follow that the district court's order, which has the effect of leaving intact the magistrate's order, should be overturned. After examining the substantive issues, we are persuaded that Sherri was not entitled to appellate relief in any event.

■■■ The first such issue is whether she is entitled to modification of the June, 1984, order fixing the support arrearage and prescribing the manner in which it will be paid. As noted above, Sherri contends that she was unaware of her entitlement to interest on each monthly support obligation as it matured and went unpaid. However, all such obligations, and any interest that might have accrued thereon, were merged into the magistrate's order adjudicating the amount of the delinquency in June, 1984, and prescribing the manner in which it would be paid. The order was based primarily upon a stipulation of the parties, resolving their dispute over the existence and amount of the arrearage. At most, Sherri's subsequent allegation that she had been unaware of her potential entitlement to interest might be deemed a "mistake" affording a ground for relief from the judgment under I.R.C.P. 60(b)(1). However, she did not assert this "mistake" until nearly two years had elapsed from entry of the July, 1984 order—far longer than the six-month period provided in Rule 60(b) itself. Accordingly, we hold that the magistrate committed no reversible error by failing to revise the delinquency adjudication to include interest accrued before June, 1984. Of course, Sherri remains entitled to interest at the judgment rate under I.C. § 28-22-104 on the unpaid balance after June, 1984.

■ Next we consider the $1,000 fund that George was directed to furnish Sherri for her defense against his petition to modify the divorce decree as to custody and visitation. Although Sherri's counsel has argued that this sum was ordered unconditionally, we have examined the magistrate's order and have concluded that the award was intended to cover litigation expenses if such litigation on the modification petition ever occurred. However, it did not occur. As noted above, George narrowed his petition from one seeking a change of custody to one seeking a specific visitation schedule, and no contested hearing ever was conducted on the narrowed petition. Accordingly, it appears that the $1,000 award was conditioned upon a future event which never occurred and does not constitute a presently enforceable obligation.

Finally, we discern no particular relief sought by Sherri for the alleged violation of the temporary custody and visitation order, other than a finding of contempt.

The order lapsed several years ago. Sherri's brief in this appeal contains no argument as to why this is still a viable issue. We decline to overturn the lower courts' orders on this issue alone.

We have examined other points raised by Sherri in this appeal and we find that they lack merit, requiring no further discussion here. Accordingly, the order of the district court, dismissing the appeal from the magistrate division, is affirmed, albeit for reasons different from those expressed by the district judge. Costs to the respondent, George Davis. No attorney fees awarded.