786 P.2d 583

**Carol J. HUNSAKER,**
**Plaintiff–Respondent,**

v.

**Larry HUNSAKER,**
**Defendant–Appellant.**

**No. 17694.**

Court of Appeals of Idaho.

Jan. 29, 1990.

Smith, Hancock & Rammell, Rexburg, for defendant-appellant. J.D. Hancock argued.

Denman and Reeves, Idaho Falls, for plaintiff-respondent. Reginald R. Reeves argued.

## SUBSTITUTE OPINION

The Court's prior opinion, dated December 4, 1989, is hereby withdrawn.

HART, Judge, Pro Tem.

Larry Hunsaker appeals from a district court's appellate decision affirming the magistrate's order compelling him to pay delinquent child support. Larry argues that (1) the magistrate erred in finding him delinquent; (2) the magistrate erred by not reducing his obligation as required by the Idaho Child Support Guidelines; (3) the divorced parent cannot receive a personal judgment for child support payments; and (4) interest does not automatically accrue upon the due date of each installment. For reasons explained below, we affirm the district court's decision in part and vacate it in part.

The facts in this case are simple. Carol and Larry Hunsaker were divorced in 1982. The divorce decree required Larry to commence paying monthly child support through the clerk of the court, upon the birth of an expected child. After the child (Jared) was born, Larry became delinquent in his payments as evidenced by the court clerk's record. Carol brought an action for recovery of the delinquent payments. In response, Larry petitioned for modification of his child support obligation and for a determination of his actual delinquency. The parties stipulated to the evidentiary facts including the clerk's record of Larry's support payments. The magistrate took judicial notice of the clerk's record and ordered Larry to pay "whatever amount is reflected in that public record," plus interest at the legal rate accruing from the due date of each delinquent installment. The magistrate did not specify the amount Larry was to pay, but rather left the amount to be computed by the plaintiff's attorney. The magistrate also denied Larry's motion to modify his support obligation. The district court affirmed the magistrate's decision. This appeal followed.

We first will address Larry's contention that the trial court erred in failing to find he was current in his child support. The standard of review on a finding of fact by the trial judge is whether the finding is clearly erroneous—that is, not supported by substantial and competent evidence. I.R.C.P. 52(a); *Heacock v. Madsen*, 108 Idaho 65, 696 P.2d 916 (Ct.App.1985) (review denied). Here, the magistrate took judicial notice of the clerk's record regarding Larry's payment of child support. This is permissible under I.R.E. 201. The judge awarded Carol the amount of delinquent child support payments evidenced by the clerk's record without specifying an amount. The court directed Larry's attorney to submit an affidavit which computes the amount of delinquency pursuant to I.R.C.P. 69 based upon the amounts in the clerk's record. The court further held that if Larry questioned the computed amount, his remedy was to petition the court for review of the computations reflected in the plaintiff's affidavit. Such reliance upon an affidavit may be appropriate where one party is seeking a writ of execution under I.R.C.P. 69, and the other party has not appeared in court to contest the amount due. However, as in this case, where both parties are seeking an adjudication from the court, the judge should make his own finding of the amount due. Without such a finding, the magistrate's decision is not sufficiently supported by the record. Accordingly, the district court's decision, insofar as it upholds the magistrate's order on this issue, must be vacated and the case remanded for further proceedings in the magistrate division. The magistrate should determine from the evidence what delinquency exists and what amount of interest properly has accrued on the delinquent support payments after they came

due. The method for computing interest is discussed below.

█ Larry next asserts that the magistrate erred in failing to reduce his child support obligations pursuant to the Idaho Child Support Guidelines. The issue was raised to the magistrate but was not raised as a issue on appeal to the district court. It is well settled that issues not raised in an intermediate appellate court cannot be raised on further appeal to a higher court. *Gordon v. Noble*, 109 Idaho 1048, 712 P.2d 749 (Ct.App.1986). Larry also failed to raise in the district court his contention that Carol has no right to a personal judgment for Jared's child support. Indeed, the issue was not even made part of the stipulated facts and issues presented at trial. Because these issues have not been properly preserved in the lower courts, we decline to review them here. *Centers v. Yehezkely*, 109 Idaho 216, 706 P.2d 105 (Ct.App. 1985).

█ Finally, Larry contends that, in the absence of specific legislative enactment, interest should not accrue automatically from the due date of child support installments. Larry concludes that each payment due must be reduced to a judgment before statutory judgment interest may accrue. I.C. § 28–22–104. Because the issue involves a question of law, we exercise free review. *Ziegler v. Ziegler*, 107 Idaho 527, 691 P.2d 773 (Ct.App.1985) (review denied); Standards of Appellate Review in State and Federal Courts, IDAHO APPELLATE HANDBOOK § 3.2.1 (Idaho Law Foundation, Inc. 1985).

We acknowledge that the Idaho Code does not mandate a specific level of interest for child support payments. However, this does not necessarily mean that the Idaho legislature intended to bar the accrual of interest under the general interest statute. The legal rate of interest on money due pursuant to a judgment of a competent court is addressed in I.C. § 28–22–104(2). Simply stated, the apparent policy of this statute is to insure that a prevailing party will receive all the rights and benefits of a money judgment when it is due. The questions remain whether child support installments are a final judgment under the statute, and, if so, when does interest accrue.

The Idaho Supreme Court and this Court have held that statutory judgment interest is applicable to delinquent child support payments. *Strand v. Despain*, 79 Idaho 304, 316 P.2d 262 (1957); *Davis v. Davis*, 114 Idaho 170, 755 P.2d 3 (Ct.App.1988) (review denied). We have determined that I.C. § 28–22–104 is appropriate for assessing the accrual of interest at the judgment rate on the unpaid balance of delinquent child support payments. *Davis*, 114 Idaho at 172, 755 P.2d 5. The Legislature implicitly has recognized the status of support installments as judgments when they come due. *See* I.C. § 10–1110 (providing that child support installments do not constitute judgment liens on real property *until* they come due). Here, we conclude the district court committed no error in holding that interest accrues at the judgment rate from the due date on delinquent child support installments.

█ Furthermore, Larry argues that each delinquent payment must be subject to a judgment separate from the original support order or decree, before interest can accrue. This argument disregards the existing status of unpaid support installments as judgments. However, Larry's argument does raise an issue of judicial administration upon which a comment is appropriate. Although each support installment acquires the status of judgment when it comes due, it would be unwise to place a burden upon court clerks to compute daily interest on every child support payment—deducting that amount from each payment received after the due date, and crediting only the remainder against the payor's support obligation. The better approach, in our view, is for court clerks simply to maintain records of support payments due and payments received. If a payee of support wishes to collect interest accrued on a support obligation, due to late payment of support, that party may seek and obtain from the court a writ of execution based upon an affidavit which sets forth a calculation of interest included in "the amount

due under the judgment." I.R.C.P. 69. Although this procedure will require the courts to examine claims for interest in some cases, a parallel requirement already exists with respect to interest on other types of civil judgments. In any event, this procedure will alleviate the greater problem of burdening court clerks with automatic computations and deductions of interest in all cases—many of which likely would involve *de minimis* amounts that would not otherwise generate claims by payees. In the present case, of course, such a claim has been made and is contested. The magistrate, on remand, should determine not only the principal amount of the delinquent support but also the interest which properly has accrued upon that delinquency.

In conclusion, the decision of the district court upholding the magistrate's order is affirmed insofar as the interest, child support modification and personal judgment issues are concerned. With respect to the delinquency issue, the district court's decision is vacated and the case is remanded for further proceedings in the magistrate division, consistent with this opinion. No costs or attorney fees allowed.

BURNETT and SWANSTROM, JJ., concur.