John F. HILL, Plaintiff,

v.

STATE OF TENNESSEE,
et al., Defendants.

No. 3:93–0853.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 28, 1994.

Charles R. Ray, Ray & Housch, Nashville, TN, for John Hill.

Jerry Lynn Smith, Office of Atty. Gen., Nashville, TN, for State of Tenn. and Robert Lawson.

William Lafayette Parker, Jr., Nashville, TN, for Metropolitan Government of Nashville and Davidson County, Tenn.

## MEMORANDUM

ECHOLS, District Judge.

Presently pending before this Court are Defendants' Motions to Dismiss this case and Plaintiff's response thereto. For the reasons outlined herein, Defendants' motions are DENIED.

Plaintiff brings this 42 U.S.C. § 1983 action, claiming that the Defendants, Metropolitan Government of Nashville/Davidson County ("Metro"), the State of Tennessee, and the Honorable Robert Lawson, Commissioner of Safety for the State of Tennessee, violated his Fourth, Fifth, and Eighth Amendment rights as a result of an incident which occurred on July 5, 1990. On that date, Plaintiff was arrested by Metro police officers for possession of marijuana. The officers also seized Plaintiff's 1989 Chevrolet Suburban pursuant to Tenn.Code Ann. § 53–11–451.[1] Upon completion of the forfeiture

---

**1.** That statute allows the seizure of vehicles "which are used, or are intended for use, to

hearing, the Administrative Law Judge ("ALJ") found that the vehicle should be forfeited to the seizing municipality, Metro. Pursuant to Tenn.Code Ann. §§ 4–5–322 and 4–5–323, Plaintiff appealed this ruling to Chancery Court. By order entered May 4, 1992, the chancellor reversed the ALJ's ruling, finding that the forfeiture was not supported by the evidence in the case. The State appealed the order to the Court of Appeals for the State of Tennessee which, on December 2, 1992, reversed the Chancellor's order and reinstated the forfeiture. Plaintiff requested permission to appeal to the Tennessee Supreme Court; such permission was denied on March 22, 1993.

Defendants have put forth several grounds for their motions to dismiss this case. First, they argue that the claims are barred by the applicable statute of limitations, as the vehicle was seized on July 5, 1990 and Plaintiff's Complaint was not filed until October 22, 1993. Defendants argue that the statute of limitations for this claim is one year pursuant to Tenn.Code Ann. § 28–3–104(a).

Plaintiff, however, contends that the applicable statute of limitations is three years pursuant to Tenn.Code Ann. § 28–3–105. Alternatively, Plaintiff argues that even if the one-year statute of limitations applies, his claim is not barred. He argues that the statute did not begin to run until the date on which his request to appeal to the Tennessee Supreme Court was denied, March 22, 1993. His Complaint was filed on October 22, 1993.

■ Congress has not established a statute of limitations period for cases brought pursuant to 42 U.S.C. § 1983. Therefore, the Court must apply the analogous state statute of limitations. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Johnson v. Ry. Express Agency*, 421 U.S. 454, 95 S.Ct. 1716,

44 L.Ed.2d 295 (1975); *Jarrett v. Kassel*, 972 F.2d 1415 (6th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1272, 122 L.Ed.2d 667 (1993). Typically, the analogous statute of limitations is the state personal injury statute. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Tennessee's personal injury statute, Tenn.Code Ann. § 28–3–104(a), provides:

> Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, *civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes*, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued.

Tenn.Code Ann. § 28–3–104(a)(3) (1980). Defendants contend that this statute supplies the applicable statute of limitations.

However, Plaintiff contends that in this case, the more appropriate statute is Tenn. Code Ann. § 28–3–105 which sets out the applicable statute of limitations for property tort actions. It provides:

> The following actions shall be commenced within three (3) years from the accruing of the cause of action:
>
> (1) Actions for injuries to personal or real property. . . .

Tenn.Code Ann. § 28–3–105 (1980). Plaintiff contends that the forfeiture of his Suburban constitutes an injury to property, rather than a personal injury. He concedes that if he were seeking money damages, § 28–3–104(a)(3) would apply. However, he contends that because his requested remedies

---

transport, or in any manner to facilitate the transportation, sale or receipt" of controlled substances. Tenn.Code Ann. § 53–11–451(a)(4) (1991). Plaintiff was found with approximately 4.5 ounces of marijuana and 52 growing marijuana plants. It is undisputed that at the time of his arrest, Plaintiff was not using the Suburban in connection with the marijuana which was seized. However, the arresting officers claim that upon Plaintiff's arrest, he confessed to transporting marijuana seeds from California to Ten-

nessee in the Suburban. They further claim he confessed that the seeds had grown into the plants which were found in his possession on that day. Based on this alleged confession, the police officers seized Plaintiff's Suburban. Plaintiff claims that he never made any such confession to the police officers, and that they simply seized his vehicle of their own accord. Certainly, there was no other evidence, besides Plaintiff's alleged confession, which linked the marijuana with the Suburban.

are declaratory and injunctive relief, the applicable statute is § 28–3–105.

This Court disagrees. The Plaintiff does not claim that his Suburban has been damaged by the state. Instead, he brings this civil rights action claiming that the forfeiture of his vehicle violates his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution. More specifically, Plaintiff claims that the civil forfeiture of his Suburban, coupled with the criminal penalty imposed upon him, constitutes excessive punishment in violation of the Eighth Amendment. He further claims that the imposition of both penalties constitutes a double punishment in violation of the "double jeopardy" provision of the Fifth Amendment. Finally, he claims that the unreasonable seizure of his property violated his Fourth Amendment rights.

The Supreme Court has held that the right to be free of excessive punishment is a personal right. *United States v. Halper*, 490 U.S. 435, 447, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989). It has further held that forfeiture of property may be thought of as personal punishment to the individual, rather than as an *in rem* action. *Austin v. United States*, —— U.S. ——, —— – ——, 113 S.Ct. 2801, 2810–12, 125 L.Ed.2d 488 (1993). Therefore, this Court finds that Plaintiff's claim is most analogous to a personal injury claim, rather than one for property damage, and that Tenn.Code Ann. § 28–3–104(a) is the applicable statute.

■ Having found that the one-year statute of limitations applies, this Court must next determine when Plaintiff's cause of action accrued. Defendants contend that Plaintiff's claim accrued on the date of seizure, July 5, 1990. Plaintiff contends that the operative date is March 22, 1993, the date on which his final appeal was denied.

This Court agrees with Plaintiff. The Supreme Court has made clear that "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision" with regard to the taking of the property. *Williamson County Regional Planning Comm'n v. Hamilton*

*County Bank of Johnson City*, 473 U.S. 172, 186–87, 105 S.Ct. 3108, 3116–17, 87 L.Ed.2d 126 (1985). *See also McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1457 (9th Cir. 1986), *cert. denied*, 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987); *Dunn v. State of Tennessee*, 697 F.2d 121, 127–28 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983). Until such final ruling is rendered, it is not certain that plaintiff has a claim. During the review process established under the regulations, the parties may resolve the dispute or one of the reviewing panels or courts may find in plaintiff's favor, thereby obviating the need for plaintiff to challenge the action on constitutional grounds. *Id.*

In this case, Plaintiff sought judicial review of the forfeiture of his property pursuant to Tenn.Code Ann. §§ 4–5–322 and 4–5–323. Plaintiff's claim in this Court was not ripe until he received notice that his request to appeal had been denied by the state supreme court. It was not until that time that he knew the forfeiture of his Suburban was "permanent." Because this Court finds that Plaintiff's cause of action began to accrue on March 22, 1993, Plaintiff's Complaint, which was filed on October 22, 1993, is not barred by the one-year statute of limitations.

Defendants next argue that Plaintiff has failed to state a claim for which relief can be granted. Plaintiff claims that his Fourth, Fifth, and Eighth Amendment rights have been violated.

With regard to Plaintiff's Eighth Amendment claim, this Court finds that Plaintiff has stated a claim for which relief can be granted. Plaintiff was prosecuted for the manufacture and/or possession of marijuana and was punished for that crime. He contends that the additional forfeiture of his Suburban violates the excessive fines clause of the Eighth Amendment. The Supreme Court has held that civil forfeitures are subject to analysis under the excessive fines clause of the Eighth Amendment. *Austin v. United States*, —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). The Court reasoned that such forfeitures, though civil in

nature, are intended as personal punishment for violations of the law. *Id.*

■ In analyzing whether a forfeiture violates the Eighth Amendment, the Court must review the following factors to determine whether the forfeiture is fair in proportion to the violation: (1) the gravity of the offense relative to the harshness of the penalty; (2) penalties imposed on other defendants in the same jurisdiction; and (3) penalties imposed for the commission of the same crime in other jurisdictions. *Solem v. Helm,* 463 U.S. 277, 293, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983).

■ Defendants claim that the forfeiture of the Suburban is proportional to the value of the marijuana illegally possessed by the Plaintiff at the time of his arrest. Plaintiff disputes that there is any evidence connecting the Suburban to the marijuana found at the time of his arrest. However, even assuming that the Suburban was used to transport marijuana seeds, Plaintiff contends that the forfeiture of his Suburban is disproportional to the value of the marijuana in his possession. Neither side has submitted evidence with regard to the value of the Suburban or of the marijuana. Nor has either side submitted evidence with regard to the harshness of the penalty in relation to that received by other criminal defendants, both within and without this jurisdiction.

In considering a Motion to Dismiss, this Court must take the Plaintiff's allegations as true and then determine whether, under that version of the facts, Plaintiff has stated a viable claim under the Eighth Amendment. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Assuming that the forfeiture of Plaintiff's vehicle was not proportional to his offense, Plaintiff has stated a valid Eighth Amendment claim.

■ With regard to Plaintiff's Fifth Amendment claim that the imposition of both the civil forfeiture and a criminal penalty violates double jeopardy, the issue is whether the civil forfeiture was imposed to punish the same offense for which Plaintiff received criminal punishment. It is well-established that the imposition of *both* civil fines or for-

feitures *and* criminal penalties as punishment for the same criminal offense violates the double jeopardy clause of the Fifth Amendment. *United States v. Halper,* 490 U.S. 435, 440–41, 109 S.Ct. 1892, 1897–98, 104 L.Ed.2d 487 (1989). In *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993), the Supreme Court further held that a civil forfeiture may constitute a punishment if it is intended to be retribution, as opposed to a remedy. If the civil forfeiture of Plaintiff's Suburban was intended to be remedial, i.e., to compensate the state for some loss occasioned by Plaintiff's conduct, then it does not constitute a punishment and does not violate the Fifth Amendment prohibition against double punishment. However, Defendants have not submitted any evidence of the remedial effect associated with the forfeiture of Plaintiff's Suburban.

Instead, Defendants contend that the civil forfeiture and the criminal penalty imposed upon Plaintiff were for two separate offenses. They claim that Plaintiff's vehicle was seized because he had allegedly used it to transport the seeds which ultimately grew into the marijuana in his possession at the time of his arrest. In contrast, Defendants contend that any criminal penalty imposed upon him was the result of his manufacture and/or possession of living marijuana plants and processed marijuana.

Indeed, Tenn.Code Ann. § 53–11–451(a)(4) authorizes the seizure of vehicles "which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale or receipt" of controlled substances. Tenn.Code Ann. § 53–11–451(a)(4) (1991). However, Plaintiff disputes both that he used the Suburban to transport the seeds, and that he ever confessed to such action. Taking Plaintiff's version of the facts as true, a genuine issue of material fact exists on the basis of the forfeiture, and it would be inappropriate to dismiss his claim based upon disputed facts. The only remaining ground upon which the forfeiture could be based is Plaintiff's manufacture and possession of marijuana. Since it is undisputed that a separate criminal penalty was imposed on the Plaintiff for that same offense, it appears

that Plaintiff has raised a valid claim under the Fifth Amendment concerning whether he has been subjected to double jeopardy.

Likewise, the Court finds that Plaintiff has stated a viable Fourth Amendment claim. Plaintiff contends that the seizure of his Suburban was unreasonable and therefore violated his Fourth Amendment rights. He denies that he confessed to using the vehicle to transport marijuana seeds. Absent that confession, there is no other evidence before the Court from which the police officers could have reasonably concluded that they were entitled to seize Plaintiff's Suburban. Therefore, taking the facts in the light most favorable to the Plaintiff, he has stated a viable claim for the unreasonable seizure of his Suburban in violation of the Fourth Amendment.

Finally, Metro argues that it is not a proper party to this case, as it was acting only as an agent of the state when it seized the Suburban. Though this may be an accurate description of the relationship between Metro and the State with regard to the enforcement of Tennessee's forfeiture statute, that fact alone is not determinative of whether Metro is a proper party in this case. Pursuant to Tenn.Code Ann. § 39–17–420, forfeited property or the proceeds thereof is awarded to the city or municipality which effected the initial seizure. In accordance with that statute, Metro now has apparent ownership and possession of Plaintiff's Suburban. Part of Plaintiff's requested relief is a declaratory judgment ordering the return of his vehicle. Dismissal of Metro from the case would render it impossible for this Court to grant complete relief as requested by the Plaintiff, in the event that he is successful in his claims. Because Metro currently owns and possesses the vehicle which Plaintiff wants returned, this Court finds that Metro is an indispensable party under Federal Rule of Civil Procedure 19(a).[2]

For the foregoing reasons, Defendants' Motions to Dismiss are DENIED.

---

2. Federal Rule of Civil Procedure 19(a) provides: A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties....