133 P.3d 1211

Stacy A. GIBSON, Plaintiff–Appellant,

v.

ADA COUNTY, a political subdivision of Idaho; Ada County Sheriff's Office; Vaughn Killeen, acting individually and in his official capacity under color of State Law as Ada County Sheriff; R. Monte Mac Connell, acting individually and in his official capacity under color of State Law as Legal Advisor to the Ada County Sheriff; Arville Glenn, acting individually and in his official capacity under color of State Law as a law enforcement official for Ada County Under the Sheriff; Scott Johnson, acting individually and in his official capacity under color of State Law as a law enforcement official for Ada County under the Sheriff; and Does I thru X, Defendants–Respondents.

Stacy A. Gibson, Petitioner–Appellant,

v.

Ada County, a political subdivision and governmental agency of the State of Idaho, and the Ada County Sheriff's Office, Respondents.

Nos. 29694, 30976, 31553.

Supreme Court of Idaho, Boise, September 2005 Term.

Feb. 9, 2006.

Rehearing Denied May 9, 2006.

See also 139 Idaho 5, 72 P.3d 845.

748

Vernon K. Smith, Jr., Boise, for appellant.

Ada County Prosecuting Attorney, Boise, for respondents. Ray J. Chacko argued.

SCHROEDER, Chief Justice.

Three separate cases involving Stacy Gibson (Gibson) and Ada County, et al (Ada County) have been consolidated in this appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Gibson was hired as a Records Technician II with the Ada County Sheriff's Department (ACSD) in 1997. She eventually became a tenured employee in this position, terminable only for cause.

Approximately one week prior to receiving a paycheck, Gibson signed a pay voucher stating:

I STATE THAT THIS CLAIM HAS BEEN EXAMINED BY ME AND NO OTHER HOURS OR MONIES ARE DUE ME FOR OVERTIME.... I REALIZE SIGNING THIS CLAIM AUTHORIZES THE COUNTY TO PAY ME THE AMOUNT SHOWN AND THAT A GRIEVANCE MAY BE FILED WITHIN 5 DAYS IF I DISAGREE WITHOUT LOSS OF ANY PAY.

In May of 1998 Gibson began participation in the ACSD's direct deposit program which authorized ACSD to deposit Gibson's monthly paychecks into her personal checking account and, "if necessary, debit entries and adjustments for any credit entries in error to [her] account...." Thereafter, Gibson's paychecks were directly deposited, but she continued to receive and sign pay vouchers approximately one week prior to each payday.

In the fall of 1998 Gibson was promoted to the position of Jail Technician II, which paid $1,550 per month plus overtime, a $50 per month increase over her former base salary. In the course of changing Gibson's pay rate an error occurred which combined Gibson's base pay as Jail Technician II with that of her former Records Technician II position. From November 1998 through June 1999, Gibson signed pay vouchers authorizing the ACSD to pay her $3,050, plus overtime equaling $100 to $700, per month. The ACSD paid the amounts shown on the pay vouchers, resulting in Gibson being paid for two positions instead of one.

In June or July of 1999 the ACSD discovered it had overpaid Gibson $8,500 over the course of eight months. The ACSD began an internal and criminal investigation into Gibson's actions regarding the overpayment of funds and concluded that she had knowingly signed pay vouchers indicating that her base salary was $3,050 when she knew her base salary was only $1,550. On August 2, 1999, Sheriff Vaughn Killeen (Killeen) sent Gibson a letter expressing his intent to terminate her on the grounds that she: (1) conducted herself in a "manner as to be detrimental to the good order and discipline of the department;" (2) "made a materially misleading statement in an official report;" and (3) "conducted [her]self in such a manner as to reflect unfavorably on th[e] department and [her]self." The letter stated that the facts giving rise to Gibson's termination were: (1) she knowingly accepted salary overpayments; and (2) she did nothing to correct the overpayments or repay the monies erroneously paid to her. The letter also advised Gibson of her right to appeal.

Gibson appealed. An Ada County personnel hearing officer (hearing officer) heard the matter on January 25 and 26, 2000, and on February 15, 2000, affirmed Killeen's decision to terminate Gibson. Gibson filed a petition for judicial review with the district court pursuant to Ada County Code § 1–7G–3(o). The district court addressed the matter under the standard of review set forth in the Idaho Administrative Procedure Act (IAPA) and I.C. §§ 67–5277, 67–5279, and affirmed the hearing officer's decision. Gibson appealed to this Court which vacated the decision of the district court and dismissed Gibson's claims without prejudice, finding that no statutory authority exists to grant judicial review of a county personnel hearing officer's findings of fact and conclusions of law. *Gibson v. Ada County Sheriff's Dep't*, 139 Idaho 5, 72 P.3d 845 (2003) [hereinafter *Gibson I*]. *Gibson I* noted that were the appeal from the Ada County Board of Commissioners (Board), the Supreme Court would have a right of review, and the appropriate standard would be based on IAPA.

A second action arose on July 19, 2002, when Gibson filed a complaint and demand for jury trial in district court alleging, among other things, civil rights violations on the part of the ACSD under 42 U.S.C. §§ 1981, 1983 and 1985(3). The district court dismissed the complaint, determining that the two-year statute of limitations had run, the complaint did not allege facts supporting a claim of racial discrimination, an essential element of a claim under 42 U.S.C. § 1981, and no notice of a tort claim had been filed which barred such actions insofar as any of Gibson's claims were for common law tort. Gibson appealed the district court's decision. That appeal is hereinafter referred to as *Gibson II.*

Following this Court's decision in *Gibson I,* Gibson submitted a petition to the Board for a review of the hearing officer's January 2000 decision. The Board denied Gibson's request on the grounds that the Idaho Constitution and Idaho case law suggest the decision to hire and fire deputies is left to the sole discretion of an elected official, which includes county sheriffs. On June 4, 2003, Gibson submitted a petition for hearing to the Board. The members of the Board sent a letter to counsel for Gibson dated July 2, 2003, which stated that the Board was unable to hold the requested hearing. Several motions were filed thereafter, including Gibson's Motion to Remand to Ada County Board of Commissioners for Creation of an Agency Record with an Evidentiary and Due Process Hearing, Pursuant to Idaho Code § 67–5242 and § 67–5249 and Rule 84, I.R.C.P. (Motion to Remand), her Petition for Judicial Review, and her Motion to Reconsider Interlocutory Order Conditionally Denying and Dismissing Petition for Judicial Review, with Leave to Amend the Pleadings to Include a Common Law Remedy.

On June 17, 2004, the district court entered an Order on Renewed Motion for Reconsideration and Final Order Denying Petition for Judicial Review, which denied her Petition for Judicial Review and her Renewed Motion to Reconsider the Interlocutory Order Conditionally Denying the Petition for Judicial Review (Motion to Reconsider). On appeal, Gibson raises issues regarding whether she is entitled to a declaratory judgment, whether the district court erred when denying her requests for judicial review, reconsideration, and a remand of the case to the Board. This appeal is hereinafter referred to as *Gibson III.*

Ada County filed a suit seeking repayment of $8,528.89 that had been overpaid to Gibson. Several motions were made among the parties, including a motion filed by Ada County for summary judgment. On December 6, 2004, the district court issued its Memorandum Decision and Order that granted Ada County's Motion for Summary Judgment, followed by a Judgment awarding Ada County $8,528.89, which is the basis of the appeal of *Gibson IV.*

All pending issues in the various actions have been consolidated in this appeal.

## II.

### STANDARD OF REVIEW

 In reviewing the district court's order granting the motion to dismiss, the standard of review is the same as that used in summary judgment. *Rim View Trout Co. v. Idaho Dep't of Water Res.,* 119 Idaho 676, 677, 809 P.2d 1155, 1156 (1991). The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the motion. *Baxter v. Craney,* 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c); *McCann v. McCann,* 138 Idaho 228, 232, 61 P.3d 585, 589 (2002).

 "This Court has free review over the construction of a statute, *Waters Garbage v. Shoshone County,* 138 Idaho 648, 650, 67 P.3d 1260, 1262 (2003), which includes whether a statute provides for judicial review, and the standard of review to be applied if judicial review is available." *Hayden Lake Fire Protection Dist. v. Alcorn,* 141 Idaho 388, 400, 111 P.3d 73, 85 (2005).

■ "Summary judgment is proper 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Samuel v. Hepworth, Nungester & Lezamiz*, 134 Idaho 84, 87, 996 P.2d 303, 306 (2000) (internal citations omitted).

### III.

### *GIBSON II*

**A. ANY TORT BASED CLAIMS WERE PROPERLY DISMISSED FOR FAILURE TO FILE A NOTICE OF CLAIM.**

■ Prior to bringing a suit for tort against a political subdivision or their employee for any act or omission arising out of the scope of employment, a party must file a notice of the claim with the secretary or clerk of the political subdivision. I.C. §§ 6–906, 6–908 (2003). This notice must be filed within 180 days of when the claim arose or reasonably should have been discovered, whichever is later. I.C. §§ 6–906, 6–908; *Cobbley v. City of Challis*, 138 Idaho 154, 157, 59 P.3d 959, 962 (2002); *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987). While Gibson apparently does not believe the complaint alleges tort claims, Counts III, IV, and VI broadly read allege causes of action for intentional infliction of emotional distress and other related common law tort claims. Gibson did not file a notice of tort claims with ACSD. Gibson does not address these causes of action on appeal. To the extent the complaint alleges tort claims, these claims are barred. The district court properly dismissed such claims.

**B. THE CLAIMS BASED ON 42 U.S.C. §§ 1981 AND 1985 WERE PROPERLY DISMISSED.**

■ Gibson's remaining claims allege civil rights violations under Title 42 U.S.C. §§ 1981, 1983 and 1985. As correctly stated by the district court, 42 U.S.C. § 1981 requires an allegation of a race-based classification or discrimination. *Runyon v. McCrary*, 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976); *Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902, 908 (9th Cir.1999). Gibson has not alleged any facts suggesting discrimination on the basis of race, class or color. The district court properly dismissed the claims pursuant to § 1981.

■ The district court dismissed Gibson's § 1985(3) claim on the grounds that it was barred by the statute of limitations. This claim may be also dismissed on the alternative ground of failure to allege a race or class-based discrimination. Title 42 U.S.C. § 1985(3) requires "that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Stevens v. Rifkin*, 608 F.Supp. 710, 719 (D.C.Cal.1984) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338, 347–48 (1971)). Gibson has failed to allege any facts suggesting conspiracy on the part of ACSD or its employees to discriminate on the basis of race or class. Regardless of the statute of limitations issue, Gibson's § 1985(3) claim was properly dismissed.

**C. GIBSON WAS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING HER 42 U.S.C. § 1983 CIVIL RIGHTS CLAIM BUT COULD CHOOSE TO DO SO.**

■ Title 42 U.S.C. § 1983 (2004) provides a cause of action for "anyone who is deprived, by a person acting under color of state law, of rights secured by the United States Constitution or federal law." *Bryant v. City of Blackfoot*, 137 Idaho 307, 314, 48 P.3d 636, 643 (2002). The Fourteenth Amendment protects persons against deprivation of a property or liberty interest without due process of law. U.S. CONST., art. XIV. Public employment is included within the realm of those interests protected under the Fourteenth Amendment. *Bd. of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Harkness v. City of Burley*, 110 Idaho 353, 355, 715 P.2d 1283, 1285 (1986). In Idaho a permanent or classified employee whose employment is not terminable at will has a due process property interest in continued employment. *Hark-*

*ness*, 110 Idaho at 356, 715 P.2d at 1286 (citing *Allen v. Lewis–Clark State College*, 105 Idaho 447, 460 n. 6, 670 P.2d 854, 867 n. 6 (1983)). Thus, wrongful termination of a classified employee gives rise to a § 1983 claim for violation of a due process property right in continued state employment.

■ Civil rights claims arising under 42 U.S.C. § 1983 are governed by federal law. *Henderson v. State*, 110 Idaho 308, 310, 715 P.2d 978, 981 (1986). The U.S. Supreme Court and several federal circuits have held that it is not a prerequisite to filing a § 1983 claim that a party must exhaust all state administrative remedies. *Patsy v. Bd. of Regents of the State of Florida*, 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172, 178 (1982); *Ellis v. Dyson*, 421 U.S. 426, 432, 95 S.Ct. 1691, 1695, 44 L.Ed.2d 274, 281 (1975). However, to the extent an agency's decision must be ripe for review, administrative remedies may be required. *See Raper v. Lucey*, 488 F.2d 748, 750 n. 3 (1st Cir.1973). *Raper* involved a § 1983 claim for deprivation of due process in the denial of a motor vehicle license. The court found that although exhaustion was not a prerequisite to filing a § 1983 claim "there must be *at least some definitive administrative or institutional determination* before [an] action may arise." *Raper*, 488 F.2d at 751 n. 3 (emphasis added). The court found this view consistent with a previous holding that "reference to local institutional authority as may be necessary to assure that the action complained of is final ... in the sense that is ripe for adjudication" is proper in the school employment context. *Id.* (quoting *Stevenson v. Bd. of Educ.*, 426 F.2d 1154, 1157 (5th Cir.) *cert. den.*, 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970)). Therefore, to the extent administrative remedies are part of a final agency action, exhaustion may be required.

Idaho Code § 67–5271(1) provides that "[a] person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies...." I.C. § 67–5271(1) (2003). Notably this portion of IAPA governs judicial review of *state* rather than *local* agency actions. *Idaho Historic Pres. Council, Inc. v. City of Boise City Council*, 134 Idaho 651, 653, 8 P.3d 646, 647 (2000). However, where a local agency action is appealed to a state agency body, IAPA applies to judicial review of that state agency's decision. I.C. § 67–5201 (2003). Ada County Code § 1–7H–1(A) requires that a classified employee utilize the procedures outlined in the Ada County Code for redress of any "difficulty or problem he or she may have with any aspect of his or her employment ..." A.C.C. § 1–7H–1(A) (2004). Review of an elected official's decision to dismiss a classified employee must be submitted in writing to the Ada County personnel director who then forwards the request to the Ada County personnel hearing officer for a formal hearing. A.C.C. § 1–7G–3(L) (2000). Ada County Code § 1–7G–3(O) then allows for appeal of a hearing officer's decision to a district court of proper jurisdiction.

■ Gibson sought judicial review of Ada County's decision to terminate her employment consistent with I.C. § 62–5271(3), A.C.C. §§ 1–7G–3(L), 1–7G–3(O) and 1–7H–1(A). She then elected to file a § 1983 claim in state court rather than in federal court pursuant to Title 28 U.S.C. § 1343 (2004). *Patsy* and the other similarly decided cases hold that Gibson was not required to exhaust her administrative remedies prior to filing suit. However, exhaustion of administrative remedies not being a prerequisite to filing a § 1983 claim is different than a holding that Gibson must file her § 1983 claim and forgo exhaustion of administrative remedies. Furthermore, *Raper* requires that some "definitive administrative decision" be made before a § 1983 claim arises. *Raper*, 488 F.2d at 751 n. 3. The question is whether exhaustion of remedies was required to make Gibson's claim ripe for suit under § 1983. Simply stated in this case, was there a "definitive administrative decision" which triggered commencement of the statute of limitations?

Gibson maintains that the statute of limitations on her civil rights claims was tolled while she attempted to exhaust her administrative remedies arguing that: (1) the statute of limitations is tolled until an agency commits a "last act" and in this case the last act was the Board's refusal to grant her petition for review on July 2, 2003, (2) the statute of limitations was and is still tolled due to Ada

County's continuing violations of the FLSA, and (3) the statute of limitations was and is still tolled because A.C.C. §§ 1–7G–1 through 1–7G–3 fail to comply with I.C. § 31–714 and constitutional due process provisions.

Ada County argues that the two-year statute of limitations in cases such as Gibson's begins to run on the day the harm is known. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431, 439 (1980); *see also Chardon v. Fernandez*, 454 U.S. 6, 7–8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6, 8 (1981). According to Ada County, the last date on which Gibson bases her claims is February 15, 2000, the date on which she received notice of her termination, and, consequently, she was required to file her claim by February 15, 2002, some five months before the complaint was filed.

■ State law determines the length of the statute of limitations applicable to Title 42 U.S.C. § 1983 claims. *See Henderson*, 110 Idaho at 310, 715 P.2d at 981. This includes whether any state tolling provisions may apply. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440, 447 (1980). In Idaho there is a two-year statute of limitations on all § 1983 claims similar to personal injury actions. I.C. § 5–219(4) (2004); *Henderson*, 110 Idaho at 311, 715 P.2d at 981.

■ Although state law governs statute of limitations restrictions on § 1983, federal law governs when accrual of such claims begins. *Id.* According to *Henderson*, "federal law determines the 'last act' for purposes of tolling a state's statute of limitations." *Id.* (quoting *Briley v. California*, 564 F.2d, 849, 855 (9th Cir.1977)). The generally accepted rule is that accrual begins when a "plaintiff knows or has reason to know of the injury which is the basis of their action." *Id.* (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir.1975)).

Accrual of the limitations period in the employment context has been most clearly discussed in *Delaware State Coll. v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), and *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). In *Delaware* plaintiff, Ricks, filed a § 1983 claim

against defendant, Delaware State College, for alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000–e et seq, for denying him tenure. *Delaware*, 449 U.S. at 250, 101 S.Ct. at 500, 66 L.Ed.2d at 431. Although Ricks was orally notified tenure was denied he was offered a one-year terminal contract. Ricks argued it was the termination of this one-year contract rather than notice his tenure was denied that started accrual of his § 1983 claim. *Id.* The United States Supreme Court disagreed, finding, "[p]endency of a grievance or some other method of collateral review of an employment decision does not toll the running of the limitations period." *Id.* at 261, 101 S.Ct. at 506, 66 L.Ed.2d at 441 (citing *Int'l Union of Elec., Radio & Mach. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976)). It is the *decision constituting the discriminatory act* and not the consequences of that act which triggers the statute of limitations. "The proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Id.* at 257, 258, 101 S.Ct. at 504, 66 L.Ed.2d at 439(quoting *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (1979)). This reasoning was later reiterated in *Chardon*, in which the Supreme Court held that a § 1983 claim accrued on the date a plaintiff received notice of termination of his employment rather than on the date plaintiff was actually terminated. *Chardon*, 454 U.S. at 7–8, 102 S.Ct. at 29, 70 L.Ed.2d at 8. The Second Circuit has furthermore held that accrual of a § 1983 claim "doesn't require judicial verification that a defendant's acts were wrongful." *Halpern*, 52 F.Supp.2d 324, 329 (quoting *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir.1994)).

Gibson relies on *Hoesterey v. City of Cathedral City*, 945 F.2d 317 (9th Cir.1991), which found that a city manager's § 1983 claim could not accrue until the manager could be assured that the discharge decision was final and that it would not be followed by further process. *Hoesterey* distinguished both *Delaware* and *Chardon* on the grounds that these cases involved alleged discrimination in the actual decision to terminate the employee rather than the lack of process

alleged as the discriminatory act in *Hoesterey*. *Id.* at 320.

Likewise, in *McCoy v. City & County of San Francisco*, 14 F.3d 28 (9th Cir.1994), the Ninth Circuit held that accrual of a § 1983 claim challenging a police officer's suspension did not accrue until a final written decision had been given by the Police Commission, despite that an oral decision from the Commission had already been made. *Id.* at 28–30. In *McCoy*, however, the written decision of the Personnel Commission took the form of final decision of the agency. *Id.* at 30. *See also Hill v. Tennessee*, 868 F.Supp. 221, 224 (M.D.Tenn.1994) (Title 42 U.S.C. § 1983 claim accrued on the date a State Supreme Court denied a plaintiff's request for appeal of a forfeiture rather than on the date the initial forfeiture decision was made). Thus to the extent awaiting the Commission's final written decision constituted final agency action, a discriminatory act had to occur from which McCoy could base a § 1983 cause of action.

Finally, in *Norco Const. v. King County*, 801 F.2d 1143 (9th Cir.1986), the Ninth Circuit found that a plaintiff whose application for preliminary plat approval had been unreasonably delayed was not injured until the county commission actually rendered its final decision regarding the plat, regardless of whether the plaintiff knew that his lot had been taken without due process of law at an earlier date. *Id.* at 1145. The discriminatory act in *Norco* was the unnecessary delay in acceptance of the plaintiff's application as compared with other applications which had received faster review. Naturally this injury could not be determined until the commission had officially acted.

Gibson argues that she was discriminated against in her actual termination as well as in the interrogation process leading up to her termination. Her complaint does not specifically allege deprivation of due process in the grievance procedures themselves, although this does appear to be part of her argument on appeal. She maintains that the Board's refusal to grant review of the hearing officer's decision constitutes an ongoing deprivation of her due process rights. Notably, the complaint was filed prior to the Board's deci-

sion to deny review. However, whether the Board's decision allowed Gibson proper procedural due process is not the issue before this Court. The question is whether there has been a definitive administrative decision or whether accrual for purposes of the statute of limitations awaits a final resolution of the question of whether the Board was required to hear her claim.

Gibson's Complaint is unlike that of *Hoesterey* where the alleged discriminatory act was failure of the employer to grant a pre-termination hearing. Gibson was given a pre-termination hearing by way of the hearing conducted on February 15, 2000. Her Complaint reveals no allegations of discrimination in this review process. Moreover, her notice of termination as well as the Hearing Officer's decision are sufficient to satisfy the ripeness standard articulated in *Raper*, as they constitute a final decision as to the status of Gibson's employment. Thus Gibson's case is similar to that of *Delaware* and *Chardon*. Accrual of her § 1983 claim began on February 15, 2000, with the hearing officer's final decision to terminate.

■ Finally, Gibson's argument that Ada County's continuing violations of the Fair Labor Standards Act (FLSA) tolled the statute of limitations on her § 1983 claim is without merit for two reasons. Title 29 U.S.C. § 211(c) provides that an employer is required to keep accurate records of wages, hours, conditions and practices of employment. 29 U.S.C. § 211(c) (2004). This provision of the FLSA does not confer a federal right upon an employee to form the basis of a § 1983 claim. *See, e.g., Brock v. Bowen Mfr. Hous., Inc.*, 681 F.Supp. 1224 (W.D.Tex.1987) (29 U.S.C. § 211(c) requires an employer to keep accurate records). Additionally, Gibson asserts § 1983 claims based on Ada County's alleged violations of 29 U.S.C. §§ 207(k) and 215(a)(3). However, 29 U.S.C. § 216(b) provides a cause of action and damages for violations of such provisions of the FLSA. Where an extensive statutory scheme has already been created to provide relief for a federal right, this Court has held that a party is obligated to use that statutory scheme and not a § 1983 action. *Bryant v. City of Blackfoot*, 137 Idaho 307, 314, 48 P.3d 636,

643 (2002). Thus the statute of limitations was not tolled by any alleged failure to maintain accurate records by Ada County.

Idaho has a two-year statute of limitations on all 42 U.S.C. § 1983 claims. *Henderson,* 110 Idaho at 311, 715 P.2d at 981. Gibson's § 1983 claim began to accrue on February 15, 2000, when the hearing officer made his decision. She filed her § 1983 claim on July 19, 2002, five months past the statute of limitations. Her claim is time-barred. The district court properly dismissed her claim.

### D. NEITHER PARTY IS ENTITLED TO ATTORNEY FEES.

 Idaho Code § 12–117 mandates an award of attorney fees to the prevailing party of a civil suit against a state agency "if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." I.C. § 12–117(1) (2003). A county is not a state agency within the meaning of this statute. *IHC Hosps. v. Bd. of Comm'rs,* 117 Idaho 207, 212, 786 P.2d 600, 606 (Ct.App.1990). Where a prevailing party is not subject to I.C. § 12–117 attorney fees may not be awarded. *Horne v. Idaho State Univ.,* 138 Idaho 700, 706, 69 P.3d 120, 126 (2003) (in an employee's termination of employment case university was not entitled to attorney fees under 12–117 because university was not a "state agency" within meaning of the statute). Ada County is not a state agency within the meaning of I.C. § 12–117. More fundamentally, Gibson is not a prevailing party.

Idaho Code § 12–121 allows a court to award reasonable attorney fees to a prevailing party. I.C. § 12–121 (2003). "Party" includes the State of Idaho and its political subdivisions. I.C. § 12–121. Generally attorney fees will be awarded under this section where "an appeal was brought pursued or defended frivolously, unreasonably or without foundation." *Waters Garbage v. Shoshone County,* 138 Idaho 648, 653, 67 P.3d 1260, 1265 (2003). All but one of Gibson's claims were dismissed on alternate grounds not addressed by Gibson on appeal. The § 1983 civil rights claim is time-barred as was found by the district court. Although Gibson is unsuccessful in her appeal, it does not appear that she pursued this appeal frivolously, unreasonably or without foundation. She made a good faith argument based on relevant authority that the statute of limitations was tolled. An award of attorney fees to Ada County under I.C. § 12–121 is not appropriate.

### *GIBSON III*

### A. THE DISTRICT COURT DID NOT ERR WHEN DENYING GIBSON'S PETITION FOR JUDICIAL REVIEW.

 Idaho Code § 31–1506 provides that a person is entitled to initiate judicial review of any "act, order or proceeding" of the Board and the merits of the subject matter would be subject to review and the IAPA standard of review would apply. Gibson contends the Board's nonaction regarding her requested hearing constitutes an "act, order or proceeding" and she is entitled to judicial review. She also argues this Court confirmed in *Gibson I* that judicial review under I.C. § 31–1506 became applicable after Gibson went before the Board.

Idaho Rule of Civil Procedure 84 provides guidance regarding judicial review by a district court of agency actions. It provides:

> The procedures and standards of review applicable to juridical review of state agency and local government actions shall be as provided by statute. When judicial review of an action of a state agency or local government is expressly provided by statute but no stated procedure or standard of review is provided in that statute, then Rule 84 provides the procedure for the district Court's judicial review. *Actions of state agencies or officers or actions of a local government, its officers or its units are not subject to judicial review unless expressly authorized by statute.* Rule 84 does not apply to the issuance of writs of mandate, prohibition, quo warranto, certiorari, review, or other common law or equitable writs, but petitions for judicial review under this rule may be filed with or in the alternative to petitions for these common law or equitable writs.

I.R.C.P. 84(a)(1) (2005) (emphasis added). This Court has already discussed whether the district court has the authority to review the Sheriff's decision to terminate Gibson's employment. In *Gibson I* this Court held:

> Statutes may also authorize judicial review without invoking the provisions of the IAPA. I.R.C.P. 84(a)(1). The rule, however, states "actions of a local government, [or] its officers ... are not subject to judicial review unless expressly authorized by statute." I.R.C.P. 84(a)(1). There is no statute authorizing judicial review of a decision by the county personnel hearing officer. Therefore, this matter is not subject to review pursuant to I.R.C.P. 84.

*Gibson I*, 139 Idaho 5, 8, 72 P.3d 845, 848 (2003). Since that case was released in 2003, Gibson has failed to identify any statute that provides authority allowing the Board to review the personnel decision of an elected County officer. She claims this Court "confirmed" that she is entitled to judicial review under I.C. § 31–1506 after she went before the Board. It appears that she is referring to the Court's following statements: "[H]ad Gibson appealed the county personnel hearing officer's decision to the [board], the board's decision would be an appropriate subject for judicial review and IAPA standard of review would apply. I.C. § 31–1506(1). Without action of the board, however, the judicial review provisions of I.C. § 31–1506(1) are inapplicable." *Id.* This Court's language was not a mandate for the district court to review the sheriff's decision. The Court ruled that I.R.C.P. 84 required a statute exist that provided authority for judicial review. This Court in no way indicated it could provide an alternate means for the district court to review the officer's decision in this situation. Furthermore, even if this Court attempted to provide such authorization, it would not satisfy I.R.C.P. 84.

Gibson alleges the Board's refusal to review the sheriff's decision to terminate her employment constitutes an "action" as used in I.C. § 31–1506(1). "This Court has free review over the construction of a statute, *Waters Garbage v. Shoshone County*, 138 Idaho 648, 650, 67 P.3d 1260, 1262 (2003), *which includes whether a statute provides*

*for judicial review*, and the standard of review to be applied if judicial review is available." *Hayden Lake Fire Protection Dist. v. Alcorn*, 141 Idaho 388, 400, 111 P.3d 73, 85 (2005) (emphasis added). Idaho Rule of Civil Procedure 84 clearly states that a statute must "expressly" authorize that an action of an officer is subject to judicial review. Idaho Code § 31–1506(1) does not satisfy I.R.C.P. 84 because it does not specifically authorize judicial review in this instance.

Finally, Gibson cites A.C.C. § 1–14–1 through § 1–14–8 as support for her position. This Court plainly stated that "A County Ordinance Cannot Authorize Judicial Review," in a title heading in *Gibson I*.

This Court affirms the district court's decision to deny Gibson's Petition for Judicial Review and adopt its findings that: "Pursuant to Rule 84, I.R.C.P., a petition for judicial review will only lie if permitted by statute. There exists no statute or constitutional authority under Idaho law allowing a Board of County Commissions to review the personnel decision of other elected County officers."

**B. THE DISTRICT COURT DID NOT ERR WHEN DENYING GIBSON'S MOTION TO REMAND.**

Gibson argues the district court erred when denying her motion to remand the case to the Board. She alleges she has been deprived of her right to due process because of the Board's failure to make findings of fact. However, if judicial review is not proper, an argument that the Board needed to make findings of fact is nonsensical. If I.R.C.P. 84 does not authorize the Board to review decisions of other elected officials, it would be ineffective for the district court or this Court to find that Gibson's motion to remand should be granted to make findings of fact. The district court correctly denied Gibson's motion to remand.

**C. GIBSON IS NOT ENTITLED TO A DECLARATORY JUDGMENT.**

Gibson requests this Court to issue a declaratory judgment against Ada County proclaiming A.C.C. § 1–7G–3 (O) and various provisions of the merit system, A.C.C. § 1–7–1 through § 1–7L–10, unconstitutional, re-

pugnant in law, contrary to procedural due process requirement, and entitle appellant to employment reinstatement with rank, seniority, benefits, privileges, and back pay. She contends this Court has original jurisdiction to issue such a declaratory judgment pursuant to I.C. § 10–1202, which states:

> Any person interested under a deed, will, written contract or other writings constituting a contract or any oral contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

It appears Gibson has ignored another Idaho Code section that clarifies how one properly requests a declaratory judgment. Idaho Code § 67–5272(1) states: "Except when required by other provision of law, proceedings for review or declaratory judgment are instituted by filing a petition in the district court." Additionally, Article V, section 9, of the Idaho Constitution sets forth situations in which this Court has original jurisdiction. Under the Idaho Constitution, this Court has original jurisdiction "to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction." Noticeably, issuing declaratory judgments is not included. Gibson's request is outside the scope of this appeal and, therefore, this Court declines to review it.

### D. ADA COUNTY IS ENTITLED TO ATTORNEY FEES ON APPEAL.

 An award of attorney fees pursuant to I.C. § 12–121 is appropriate "when this Court has the abiding belief that the appeal was brought or defended frivolously, unreasonably or without foundation." *Fisk v. Royal Caribbean Cruises, Ltd.,* 141 Idaho 290, 295, 108 P.3d 990, 995 (2005) (citing *Lovelass v. Sword,* 140 Idaho 105, 109, 90 P.3d 330, 334 (2004)). Gibson argues on appeal that the district court erred when denying her request for judicial review. However, after repeated direction from the district court and guidance from this Court

regarding this particular case, she still has not cited a statute that authorizes the Board to review the personnel decision of other elected County officers as required by I.R.C.P. 84. She also appealed the district court's denial of her Motion to Remand. As previously discussed, it is illogical to argue her Motion to Remand should be granted if she cannot provide authority upon which a court could grant her Petition for Review. Finally, Gibson requests this Court to issue a declaratory judgment against Ada County proclaiming A.C.C. § 1–7G–3 (O) and various provisions of the merit system unconstitutional, repugnant in law, contrary to procedural due process requirement, and entitling her to employment reinstatement with rank, seniority, benefits, privileges, and back pay. She attempts to have this Court accept her statement that I.C. § 10–1202 provides this Court with original jurisdiction to issue such a declaratory judgment as true, when such a contention is not even debatable. This Court finds Gibson brought this appeal frivolously, unreasonably or without foundation and awards attorney fees to Ada County.

### *GIBSON IV*

### A. THE DISTRICT COURT DID NOT ERR WHEN GRANTING ADA COUNTY'S MOTION FOR SUMMARY JUDGMENT.

 The district court issued a Memorandum Decision and Order that granted Ada County's motion for summary judgment, followed by a Judgment awarding Ada County $8,528.89. The proper standard of review is as follows:

> When this Court reviews a district court's grant of summary judgment, it uses the same standard properly employed by the district court originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court construes the record in the light most favorable to the non-moving party, and draws all reasonable inferences

in favor of that party. If reasonable minds might come to different conclusions, summary judgment is inappropriate. "[A] mere scintilla of evidence or only slight doubt as to the facts" is not sufficient to create a genuine issue for purposes of summary judgment. The non-moving party "must respond to the summary judgment motion with specific facts showing there is a genuine issue for trial."

*Samuel v. Hepworth, Nungester & Lezamiz,* 134 Idaho 84, 87, 996 P.2d 303, 306 (2000) (internal citations omitted). Additional guidance is provided by I.R.C.P. 56(e), which states in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth *specific facts showing that there is a genuine issue for trial.* If the party does not respond, summary judgment, if appropriate shall be entered against the party.

(Emphasis added).

 When granting Ada County's Motion for Summary Judgment, the judge ruled that Gibson was unjustly enriched, the elements of which are: "(1) a benefit is conferred upon defendant by plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof." *Aberdeen–Springfield Canal Co. v. Peiper,* 133 Idaho 82, 88, 982 P.2d 917, 923 (1999). The district court found Gibson was receiving two salaries, that she did appreciate and accept the benefit of the overpayments, and it is inequitable for Gibson to retain the overpayments. The district court noted that Gibson argued there is a discrepancy in the amount of overpayment, as she does on appeal. The district court disagreed with Gibson, noting she "failed to provide any accounting of her own" and that Kelli Bolicek, the Finance Manager of the County Sheriff's Office, and Cheryl Bower, the Controller at the County Clerk/Auditor/Recorder's Office, were com-

petent to provide information regarding the amount of overpayment.

Gibson claims the district court erred when it ruled that she "failed to provide any accounting of her own." She claims she provided a detailed accounting in her Second Amended Counterclaim. A review of the 55-page amended counterclaim reveals that she did not provide an accounting of her own. Though she previously acknowledges she was overpaid, she fails to set forth an exact amount of what she believes was overpaid. While she includes a chart that shows wages due, the numbers indicate they are estimations. Another chart indicates the number of overtime hours she claims to have worked, though it does not contain the amount of payment owed for the hours she claims to have worked. As stated by this Court, a "mere scintilla of evidence" is not sufficient to preclude summary judgment. *Samuel,* 134 Idaho at 87, 996 P.2d at 306. Specific facts are necessary to show there is a genuine issue of material fact and this Court affirms the district court's ruling that Gibson has failed to meet this standard.

 Gibson makes the additional argument that the district court decision should be reversed because it failed to set forth findings of fact. Idaho Rule of Civil Procedure 52(a) states that, "[f]indings of fact and conclusions of law are unnecessary . . . on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b). . . ." The district court's decision and order were concerning Ada County's Motion for Summary Judgment. Idaho Rule of Civil Procedure 56 discusses Summary Judgment motions for claimants; therefore under I.R.C.P. 52(a), findings of fact are unnecessary and Gibson's argument fails.

### B. GIBSON IS NOT ENTITLED TO RELIEF UNDER THE FLSA.

 Gibson argues the district court erred when not allowing her to pursue claims for offset, credit or relief under the FLSA, when it granted summary judgment in favor of Ada County. This appeal concerns the decision of the district court's Memorandum Decision and Order Granting Plaintiff's Mo-

tion for Summary Judgment, filed in December 2004. That decision did not deal directly with Gibson's claim that she is entitled to relief under the FLSA for alleged violations of the Act. In fact, the district court granted Ada County's motion to dismiss Gibson's Second Amended Complaint in which she alleges she is entitled to relief under the FLSA. The district court stated in its order dated September 16, 2004:

> The Court has already ruled that Gibson cannot bring these claims. Even Gibson acknowledges that at a hearing on January 23, 2001, the Court stated: "The Court will not allow the defendant, or rather Ms. Gibson, to amend her complaint to allege a violation of the Fair Labor Standards Act based on the facts of this controversy, based on the Court's previous ruling that the Fair Labor Standards Act does not apply."

Gibson brings her FLSA argument on appeal by alleging she is entitled to a reduction in the amount granted under summary judgment due to Ada County's alleged violations of the Act. Gibson argues she is entitled to relief under 29 § U.S.C. 215(a)(3), which states:

> [I]t shall be unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

Gibson contends, "The effect of the County's overpayments was the sole basis used to terminate Gibson, as the County chose to shift their fault to Gibson for the erroneous wage and record-keeping processes used by Ada County and its Payroll Department." Gibson cites *Walling v. De Soto Creamery & Produce Co.*, 51 F.Supp. 938, 943 (D.C.Minn. 1943), which held:

> By failing to keep true records of the hours worked each work day and each workweek by each of its employees, and by making or causing to be made arbitrary, fictitious and false entries, purporting to reflect the hours worked each day and

> each workweek by each of its employees, the regular rate of pay, the regular straight time earnings, and the additional overtime earnings of many of its employees as above stated, the defendant has violated the ... Act.

However, an overpayment of wages is not a violation of the FLSA. Gibson cites *Walling* to support her position that she is entitled to relief under the FLSA; however, that case does not support the contention that overpayment is a violation of the Act. In that case, the employer failed to keep true work records and pay overtime by using fictitious and false entries. *Walling* does not stand for the proposition that overpayment by an employer is a record-keeping violation that is actionable under the Act.

Ada County has always maintained that the overpayment was a result of a mistake on its part. It is uncertain why Gibson cites cases dealing with an employer's failure to keep records reflecting the hours worked by employees to support her position. The actions that led to her termination were her conduct in keeping the overpayments, which have yet to be returned to Ada County, and for failing to report the overpayments. This analysis precludes the necessity of addressing Ada County's additional arguments concerning why relief under the FLSA is inappropriate here.

This Court holds the district court's decision to not reduce the amount of relief due to Ada County for alleged violations of the FLSA was proper.

## C. ADA COUNTY IS ENTITLED TO ATTORNEY FEES ON APPEAL.

▬▬▬▬▬ An award of attorney fees pursuant to I.C. § 12–121 is appropriate when an appeal is brought or defended "frivolously, unreasonably or without foundation." *Fisk v. Royal Caribbean Cruises, Ltd.*, 141 Idaho 290, 295, 108 P.3d 990, 995 (2005) (citing *Lovelass v. Sword*, 140 Idaho 105, 109, 90 P.3d 330, 334 (2004)). Gibson fails to properly address the substance of the district court's memorandum decision and order granting Ada County's Motion for Summary Judgment. She again argues she is entitled

to a reduction in the amount owed to Ada because of alleged violations of the FLSA; however the district court dismissed her amended complaint in which she alleged FLSA violations. She attempted to get around that dismissal by contending she is entitled to a reduction in the amount owed to Ada County under summary judgment. She relies on the same arguments she made at the district court level. When an appellant does not identify a finding of fact that is not supported by substantial and competent evidence, and the appellate court is simply asked to second-guess factual determinations and is not asked to establish new legal standards, nor modify or clarify existing standards, the appeal has been brought frivolously, unreasonably and without foundation. *Fairchild v. Fairchild,* 106 Idaho 147, 152, 676 P.2d 722, 727 (Ct.App.1984). Here, Gibson fails to properly address the basis upon which the district court made its decision to grant summary judgment. She then asks this Court only to second-guess the district court's findings regarding reduction in the amount she owes Ada County. Attorney fees are awarded to Ada County.

## IV.

### CONCLUSION

Regarding *Gibson II,* dismissal of the 42 U.S.C. §§ 1981 and 1985(3) civil rights claims can be affirmed on other grounds not at issue on appeal; Gibson was not required to exhaust her administrative remedies; accrual of Gibson's 42 U.S.C. § 1983 claim occurred on February 15, 2000, following the hearing officer's decision; the district court did not err in finding the two-year statute of limitations had run on Gibson's 42 U.S.C. § 1983 civil rights claim; and Ada County is not entitled to an award of attorney fees on appeal.

This Court affirms the district court's decisions to deny Gibson's Petition for Judicial Review and Motion to Remand and finds Gibson's request for a declaratory judgment is misplaced in *Gibson III.* Attorney fees are awarded to Ada County.

This Court affirms the district court's decision to grant summary judgment in favor of Ada County and awards attorney fees incurred on appeal to Ada County in *Gibson IV.*

Justices TROUT, EISMANN, BURDICK and JONES concur.