**Stacy A. GIBSON, Plaintiff–Appellant,**

v.

**ADA COUNTY, Idaho; et al.,
Defendants–Appellees.**

No. 06–35600.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2008 *.

Filed Feb. 14, 2008.

Vernon K. Smith, Boise, ID, for Plaintiff–Appellant.

Ray J. Chacko, ADA County Prosecutor's Office Civil Division, Boise, ID, for Defendants–Appellees.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM **

Plaintiff-appellant Stacy Gibson appeals the district court's dismissal of her 42 U.S.C. § 1983 claim on alternative grounds of (1) claim and issue preclusion, and (2) the claim being time-barred. She also appeals the district court's denial of various post-judgment filings and its award of attorney's fees to appellees for those filings pursuant to 42 U.S.C. § 1988(b). We affirm.[1]

An Idaho court would preclude Gibson's current § 1983 claim on the basis of her earlier litigation in the Idaho state courts. *See Noel v. Hall,* 341 F.3d 1148, 1166 (9th Cir.2003); *Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 804 P.2d 319, 323 (1990). Gibson's federal complaint alleges violations of her civil rights by appellees relating to her termination, culminating with the July 2, 2003 denial of a hearing by the Ada County Board of Commissioners. Gibson previously challenged the appellees' conduct culminating in the Personnel Hearing Officer's final decision to terminate her in *Gibson II. See Gibson v. Ada County,* 142 Idaho 746, 133 P.3d 1211, 1216, 1221 (2006). Gibson previously challenged the Board's refusal to hear her appeal in *Gibson III. See id.* at 1216, 1222. Both cases involved the same parties as Gibson's federal case, or parties with sufficient privity for claim preclusion to apply, *see* Idaho Code §§ 31–602, 31–813; *Ticor Title Co. v. Stanion,* 144 Idaho 119, 157 P.3d 613, 618 (2007), and resulted in a final judgment. *Gibson,* 133 P.3d at 1221–22.

Accordingly, Gibson's earlier state court litigation acts as an "absolute bar" to her current § 1983 claim. *See Hindmarsh v. Mock,* 138 Idaho 92, 57 P.3d 803, 805

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Appellees' supplemental excerpts of record contain various filings from the Idaho court proceedings and are directly related to the

issues on appeal. Gibson's motion to strike the supplemental excerpts of record is denied with appellees' suggested exception of the affidavits from the state court proceedings. *See Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n. 2 (9th Cir.2002); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992).

(2002) ("The doctrine of claim preclusion bars ... subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made."). We do not reach the district court's alternative bases for dismissing Gibson's claim.

Because Gibson's arguments relating to the post-judgment filings and related attorney's fees were not coherently developed in her briefs, we deem them abandoned and affirm the district court's order. *United States v. Kimble,* 107 F.3d 712, 715 n. 2 (9th Cir.1997) (citing Fed. R.App. P. 28(a)(6)).

**Affirmed.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.