# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34451

DARRELL EUGENE MC CABE,  )
 )
    Plaintiff-Appellant,  )
 )
v.  )
 )
OLIVIA CRAVEN, CATHERINE KELLY, )
SGT. FLETCHER, TOM GILISPIE,  )
 )
    Defendants-Respondents.  )
 )
 )

Boise, April 2008 Term

Opinion No. 80

Filed: June 12, 2008

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

The decision of the district court is _vacated_ and the case _remanded_ for further proceedings. Costs to appellant.

Darrell McCabe, Boise, appellant, _pro se._

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

W. JONES, Justice

## I. NATURE OF THE CASE

Darrell McCabe committed multiple offenses that resulted in his imprisonment. Prior to sentencing, McCabe was detained and eventually granted credit for the time that he served prior to his sentence. He sued the State, alleging that the State falsely imprisoned him, because the State failed to afford him credit for the time that he served before his sentence was imposed and failed to release him timely. The district court held that his claims were barred by the statute of limitations. McCabe appeals that decision to this Court.

## II. PROCEDURAL HISTORY & STATEMENT OF THE FACTS

On or about March 14, 1997, Darrell McCabe (McCabe) committed the felony of possession of a controlled substance (Case No. CR97-720). He pled guilty and on May 12, 1997 was ordered to be committed to the Idaho State Board of Correction "for a period not to exceed

six (6) years [and a] minimum of three (3) years . . . . The precise period of time on the indeterminate portion of said sentence to be determined by other authorities according to law." The court also held that McCabe was entitled to "209 days jail credit for time served prior to sentencing."

McCabe admits that on January 6, 2003, he noticed that he was not given credit for time already served. On January 23, 2003, McCabe composed a letter to Rhonda Smoot, Idaho Department of Correction sentencing specialist, complaining that he had not received the benefit of the 209 days jail credit previously ordered by the district court. After authorities investigated his complaint, McCabe was released from custody on March 7, 2003.

Believing he had been unlawfully incarcerated, McCabe on January 4, 2005 mailed a complaint to the district court alleging a § 1983 violation and a claim of false imprisonment. Though McCabe had been released on March 7, 2003 after the Department of Correction reviewed his letter, he was back in prison on another charge at the time he attempted to file his complaint. McCabe finally filed the complaint by mail on March 7, 2005.[1]

The district court *sua sponte* dismissed McCabe's complaint on June 20, 2005, holding that "the action fails to state a claim upon which relief can be granted and is frivolous." In its order, the district court held that McCabe's asserted § 1983 claim actually was a simple tort claim against a state agent, a claim governed by the Tort Claims Act. According to the district court, the claim was untimely regardless of whether the statute of limitations applicable to the § 1983 claim applied, or whether the Tort Claims Act statute of limitations applied (I.C. § 5-219 and I.C. § 6-911, respectively). McCabe timely filed his petition for review to this Court, and this Court granted review. Our review will be limited to the § 1983 claim, however, since the only evidence in the record suggests that McCabe did not file a State cause of action, and since the evidence demonstrates that he did file a § 1983 claim.

### III.  STANDARD OF REVIEW

The standard of review is explained in *Gibson v. Ada County*, 142 Idaho 746, 133 P.3d 1211 (2006):

> In reviewing the district court's order granting the motion to dismiss, the standard
> of review is the same as that used in summary judgment. *Rim View Trout Co. v.*

---

[1] McCabe's claim was filed on March 7, 2005 because Idaho has adopted the "mailbox rule," which states that a petition for post-conviction relief is "deemed filed as of the date it was submitted to prison authorities for the purpose of mailing." *Munson v. State*, 128 Idaho 639, 641, 917 P.2d 796, 798 (1996).

*Idaho Dep't of Water Res.*, 119 Idaho 676, 677, 809 P.2d 1155, 1156 (1991). The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the motion. *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c); *McCann v. McCann*, 138 Idaho 228, 232, 61 P.3d 585, 589 (2002).

"This Court has free review over the construction of a statute, *Waters Garbage v. Shoshone County,* 138 Idaho 648, 650, 67 P.3d 1260, 1262 (2003), which includes whether a statute provides for judicial review, and the standard of review to be applied if judicial review is available." *Hayden Lake Fire Protection Dist. v. Alcorn,* 141 Idaho 388, 400, 111 P.3d 73, 85 (2005).

"Summary judgment is proper 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Samuel v. Hepworth, Nungester & Lezamiz*, 134 Idaho 84, 87, 996 P.2d 303, 306 (2000) (internal citations omitted).

*Id.* at 751-52, 133 P.3d at 1216-17.

This Court freely reviews the legal issues related to the statute of limitations. *See*, *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 148, 90 P.3d 894, 898 (2004).

## IV. ANALYSIS

Legal Framework

Idaho Code § 5-219(4) states the statute of limitations for personal injury cases:

Within two (2) years: . . .

An action to recover damages for . . . an injury to the person . . . .

In a 42 U.S.C. § 1983 case, the applicable statute of limitations is found in Idaho Code § 5-219(4) above. *Henderson v. State*, 110 Idaho 308, 311, 715 P.2d 978, 981 (1986).

The statute of limitations issue for 42 U.S.C. § 1983 actions involves both state and federal law. *Wallace v. Kato*, 127 S.Ct. 1091, 1095 (2007). "Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." *Id.* The length of the statute of limitations "is that which the State provides for personal-injury torts." *Id.* at 1094. The date at which a § 1983 cause of action accrues "is a question of federal law that is *not* resolved by reference to state law." *Id.* at 1095.

3

The general principle of federal law states that "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action." *Id.* (internal quotations removed). The plaintiff has a complete and present cause of action when he can "file suit and obtain relief." *Id.* (internal quotations removed). Accrual of a cause of action occurs, and therefore the statute of limitations begins to run, "when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at 1097 (internal quotations omitted).

These general rules are refined in false imprisonment cases, however. Under federal law, false imprisonment is detention without legal process, *id.* at 1095, and a cause of action begins to run against an action for false imprisonment when the alleged false imprisonment ends. *Id.* at 1096.

Finally, "States and municipalities have a strong interest in timely notice of alleged misconduct by their agents." *Id.* at 1100 (internal quotations omitted).

Application

The Court of Appeals correctly noted that "McCabe reasonably could have commenced his action on the first day of wrongful imprisonment (or when he reasonably should have discovered the injury), rather than waiting until after his last day of imprisonment." However, under controlling federal law regarding accrual of his cause of action, the statute of limitations did not begin to run against McCabe's cause of action until the false imprisonment ended on March 7, 2003. Since the claim was filed exactly two years later,[2] the § 1983 claim was timely, and McCabe's cause of action consists of the entire period of false imprisonment, not the last day of false imprisonment as the Court of Appeals held.

Finally, McCabe attempted to argue that the district court lacked jurisdiction to dismiss his case *sua sponte*. However, he did not raise this issue to the Court of Appeals and the issue therefore is not preserved for appeal. *State Dept. of Health and Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004).

---

[2] The claim literally was filed two years and one day later, as two years elapsed on March 6, 2005. March 7, 2005 was the day after two years had elapsed. However, Idaho Code § 73-109 states that time is computed as follows: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last unless the last is a holiday and then it is also excluded." The claim therefore was legally filed within two years, though not within two years in the ordinary sense.

4

## V.  CONCLUSION

For the foregoing reasons, the district court's decision is vacated and the case remanded for further proceedings.  Costs to appellant.


Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**.