IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39013

| LACEY MARK SIVAK, | ) | 2012 Unpublished Opinion No. 522 |
|---|---|---|
| | ) | |
| Plaintiff-Appellant, | ) | Filed: June 21, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IDAHO DEPARTMENT OF | ) | THIS IS AN UNPUBLISHED |
| CORRECTIONS and JEFF ZMUDA, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of dismissal, affirmed.

Lacey Mark Sivak, Boise, pro se appellant.

Moore & Elia, LLP; Michael J. Elia, Boise, for respondents.

---

GUTIERREZ, Judge

Lacey Mark Sivak appeals from the district court's judgment dismissing his civil rights suit against the Idaho Department of Corrections and Jeff Zmuda. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In September 2010, Sivak filed a section 1983[1] civil rights complaint concerning his medical care, naming the Idaho Department of Corrections (IDOC) and Jeff Zmuda, then the warden at the Idaho Maximum Security Institution, as defendants. The only service of process of the summons and complaint was on Brian Kane, Assistant Chief Deputy to Idaho Attorney General, who accepted service on behalf of the IDOC. The IDOC and Zmuda (Respondents) filed a motion to dismiss for failure to serve the summons and complaint on Zmuda and because

---

[1]     42 U.S.C. § 1983

the IDOC was an improper party to the suit pursuant to the Eleventh Amendment of the United States Constitution. Following a hearing, during which Sivak represented himself, the district court dismissed the suit on the grounds advanced by the Respondents. Sivak now appeals.

## II.

## ANALYSIS

Sivak advances several arguments on appeal challenging the dismissal of his suit against the Respondents. However, as the Respondents point out, significant portions of Sivak's appellate briefs are illegible. Thus, we only address Sivak's specific claims to the extent they can reasonably be ascertained by this Court.

In reviewing the district court's order granting the motion to dismiss, the standard of review is the same as that used in summary judgment. *McCabe v. Craven*, 145 Idaho 954, 956, 188 P.3d 896, 898 (2008); *Gibson v. Ada County*, 142 Idaho 746, 751, 133 P.3d 1211, 1216 (2006). The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the motion. *McCabe*, 145 Idaho at 956, 188 P.3d at 898; *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits, and admissions on file show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Idaho Rule of Civil Procedure 56(c); *McCabe*, 145 Idaho at 956, 188 P.3d at 898.

Sivak first contends the dismissal was improper as to Zmuda because the complaint referred to the Respondents collectively as "one Defendant" and, therefore, correct service as to the IDOC, which the Respondents concede on appeal, should have sufficed as to Zmuda. As the Respondents point out, however, Sivak has cited no authority for the proposition that the two named defendants should be considered as a single defendant in this case. Although Sivak argued at the hearing on the motion to dismiss that he had listed the parties as one defendant and intended them to be treated as such, there is no authority for the proposition that his intent that they be considered one defendant makes it so. Accordingly, we do not consider the merits of this assertion. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (holding that a party waives an issue on appeal if either argument or authority is lacking).

Sivak also contends the Respondents' motion to dismiss was prohibited and must be quashed because it was argued by an attorney who was not counsel of record. Again, Sivak cites no authority for the proposition that this constitutes error entitling him to the requested relief. *Id*.

2

Furthermore, as the Respondents point out, Sivak has not shown he raised this issue below, and it is well-settled that issues raised for the first time on appeal will not be addressed on appeal. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Accordingly, we do not reach the merits of this contention.

Sivak also asserts the district court's order granting the Respondents' motion to dismiss failed to provide specifics of the ruling, thus, making the appeal "more complex." To the extent Sivak asserts this is reversible error, his argument is unavailing. Idaho Rule of Civil Procedure 52(a) provides that findings of fact and conclusions of law are unnecessary for decisions made under Idaho Rule of Civil Procedure 12, the rule applicable to the Respondents' motion to dismiss. Accordingly, Sivak has failed to show error in this regard.

Sivak's next issue appears to concern the courts listed on the title and caption page of the Respondents' motion to dismiss. While the exact nature of his claim is unclear, we cannot ascertain that he raised an issue concerning the title and caption page in proceedings below, and therefore, we do not address the issue for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062.

Sivak also lists as an issue his contention that defense counsel "always" argues he has named the wrong defendant. He then appears to argue that he has properly served the correct parties, citing various rules and statutes to support his position. None of his citations to authority, however, demonstrate the district court erred in its bases for the dismissal. As to Zmuda, Idaho Rule of Civil Procedure 4(d)(2) provides that service upon an individual is proper if the summons and complaint are delivered to the individual personally or left at their residence with an authorized person, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Alternatively, the applicable provision of the Idaho Administrative Code (IDAPA) governing the Board of Correction instructs that all service of summons, complaints, and subpoenas against the IDOC or any employee of the IDOC shall be made upon the deputy attorneys general *assigned to the Department*. IDAPA 06.01.01.106. It was averred in this case that Zmuda was not served personally or at home and none of the attorneys general assigned to the IDOC were served with

3

Sivak's summons and complaint[2] and Sivak does not argue differently on appeal. Accordingly, the district court's finding that Zmuda was not properly served, and therefore dismissal was appropriate, was not erroneous.[3] As to the claim against the IDOC, it is well settled in Idaho that the State is not a "person" for purposes of section 1983 and the State and its agencies are immune from a section 1983 civil rights suit pursuant to the immunity granted by the Eleventh Amendment. *See Kessler v. Barowsky*, 129 Idaho 647, 655, 931 P.2d 641, 649 (1997); *Herrera v. Conner*, 111 Idaho 1012, 1018, 729 P.2d 1075, 1081 (Ct. App. 1986). Thus, the dismissal of the suit against the IDOC was proper.

The Respondents request costs and attorney fees on appeal pursuant to Idaho Appellate Rule 41(a) and Idaho Code § 12-121, contending Sivak's appeal is without foundation and merely asks this Court to second guess the district court's decision without presenting any substantial legal argument or supporting evidence. Pursuant to Idaho Rule of Civil Procedure 54(e)(1), attorney fees may only be awarded under section 12-121 when the court determines the case was brought, pursued or defended frivolously, unreasonably, or without foundation. Because we conclude this standard is satisfied here, attorney fees on appeal are awarded to the Respondents. *See Drennon v. Hales*, 138 Idaho 850, 854, 70 P.3d 688, 692 (Ct. App. 2003) (awarding attorney fees pursuant to section 12-121 against inmate who brought a civil rights complaint against a court clerk). Costs are awarded to the Respondents as a matter of course pursuant to Idaho Appellate Rule 40.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2]   Brian Kane, who accepted service for the IDOC, was not assigned to the IDOC such that he could accept service of process for Zmuda.

[3]   To the extent Sivak argues he did not intend to sue Zmuda in his individual capacity, but in his official capacity as a representative of the IDOC, dismissal of Sivak's claim would nonetheless be proper as a section 1983 civil rights suit against Zmuda in his official capacity would be barred for the same reason a section 1983 civil rights suit against the IDOC is barred, as we discuss above. *See Kessler v. Barowsky*, 129 Idaho 647, 655, 931 P.2d 641, 649 (1997) (holding that a suit against a state official acting in an official capacity is nothing more than a suit against the state, and state officials acting in their official capacity are not "persons" under section 1983).