

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN DOE, 7; et al.,

        Plaintiffs-Appellants,

v.

JOSEPHINE COUNTY,

        Defendant-Appellee.

No.   15-35506

D.C. Nos.   1:12-cv-02080-CL
               1:13-cv-00724-CL
               1:13-cv-00825-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted August 16, 2017
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WATTERS,[**] District Judge.

Plaintiffs-Appellants appeal from the district court's decision granting

Josephine County's motion for summary judgment, dismissing the Plaintiffs'

federal law claims as barred by the applicable two-year statute of limitations and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

dismissing their state law claims as barred by Oregon's ten-year statute of ultimate repose. The facts are known to the parties and will not be repeated here unless necessary.

I

The district court did not err in concluding that the Plaintiffs' federal law claims, which were tolled until the Plaintiffs turned 19, are barred by the applicable two-year statute of limitations. Or. Rev. Stat. § 12.160; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). The Plaintiffs concede that they knew they had been physically harmed by the abuse when it occurred.

The federal claims accrued at the time the Plaintiffs recognized they had suffered some harm and knew the identity of the tortfeasor, even if a different kind of harm arose years later. *Wallace v. Kato*, 549 U.S. 384, 391 (2007). A separate claim does not accrue and the statute of limitations is not tolled even if the Plaintiffs were not aware that the psychological problems they are suffering as adults were caused by the abuse. *Id.* ("Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even

2

though the full extent of the injury is not then known or predictable." (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-27 (1991))).

The district court was also correct to conclude that reasonable plaintiffs exercising reasonable diligence would have known about the County's liability, given the fact that Plaintiffs were aware of the initial harm committed by someone they knew to be a County employee, information about this case has been publicly available since 1994, a significant amount of time has passed, and another victim filed a lawsuit in 1994. *See Bibeau v. Pac. Nw. Research Found., Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

II

The Plaintiffs' state law claims are barred by Oregon's two-year statute of limitations for the same reasons the federal claims are barred. *See Raethke v. Ore. Health Sci. Univ.*, 837 P.2d 977, 979 (Or. App. 1992) (in banc); Or. Rev. Stat. § 30.275(9). The child abuse exclusion in Or. Rev. Stat. § 12.117 does not apply to claims made pursuant to the Oregon Tort Claims Act. *Doe I v. Lake Oswego School Dist.*, 353 Or. 321, 335-36 (2013); *see also* Or. Rev. Stat. § 30.275(9). As such, we do not need to reach the question of whether the state law claims are barred by Oregon's statute of ultimate repose, and we affirm the district court's dismissal of the state law claims on this alternative ground.

## III

The judgment of the district court is **AFFIRMED**.[1]

---

[1] The motions to file amici curiae briefs by the National Center for Victims of Crime, the Oregon Trial Lawyers Association, and Legal Voice are **GRANTED**.