# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46364

JUN YU, )
)
    **Plaintiff-Appellant,** )
)
v. )
)
IDAHO STATE UNIVERSITY, MARK )
ROBERTS, individually and his official )
capacity as a faculty member of Idaho State )
University; SHANNON LYNCH, individually )     Boise, June 2019 Term
and in her official capacity as a faculty )
member of Idaho State University; KANDI )     Opinion Filed: July 10, 2019
TURLEY-AMES, individually and in her )
official capacity as a faculty member of Idaho )     Karel A. Lehrman, Clerk
State University; CORNELIS J. VAN DER )
SCHYF, individually and in his official )
capacity as a faculty member of Idaho State )
University, and JOHN/JANE DOES I )
through X, whose true identities are presently )
unknown, )
)
    **Defendants-Respondents.** )
_____ ).

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Robert C. Naftz, District Judge.

The district court's order is affirmed.

Idaho Employment Law Solutions, Eagle, for appellant. Ronaldo A. Coulter argued.

Kelly Law, PLLC, Garden City, for respondents. Michael E. Kelly argued.

_____

BRODY, Justice.

    Jun Yu appeals the dismissal of his claims for alleged violations of 42 U.S.C. section 1983 and breach of contract. Idaho State University dismissed Yu from its doctoral program in

1

clinical psychology in May 2013, with his final administrative appeal denied on October 2, 2013. While Yu originally filed his claims against ISU in the federal district court, he brought an identical state action nearly five years after his dismissal from the program once the federal court dismissed most of his claims. We affirm the district court's dismissal of Yu's claims because they were untimely.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Jun Yu is a citizen of the People's Republic of China who was completing his Ph.D. in clinical psychology at Idaho State University. He completed all the requisite coursework, wrote and defended his dissertation, but still had to complete a one-year clinical internship. After not matching any programs with the Association of Psychology Postdoctoral and Internship Centers, Yu set up an alternative internship with the Cleveland Clinic Center for Autism in Ohio. However, he was dismissed from the Ohio internship early due to performance concerns and subsequently dismissed from Idaho State University's doctoral program on May 3, 2013. After exhausting his appeals with the university, Yu received a final letter on October 2, 2013, that denied his appeal and immediately made his dismissal effective.

On March 10, 2014, Yu filed a notice of tort claim against ISU pursuant to the Idaho Tort Claims Act (ITCA), alleging negligent infliction of emotional distress and a violation of Title VI of the 1964 Civil Right Act. Eighteen months later he filed a lawsuit in the U.S. District Court for the District of Idaho alleging violations of Title VI of the Civil Rights Act, deprivation of constitutional rights under 42 U.S.C. section 1983, and negligent infliction of emotional distress. Yu later amended his complaint to include allegations of denial of procedural and substantive due process, promissory estoppel, and breach of contract, totaling 18 claims against ISU. No individual defendants were named in the notice of claim or in his federal action.

Yu later argued before the federal district court that he was prompted to amend his complaint because of expert reports issued after the litigation commenced. Three experts in psychology reviewed Yu's case and concluded that ISU violated ethical and accreditation standards. Yu received these expert reports between March 13, 2016, and March 23, 2016, several months into his litigation at the federal district court. Yu then amended his federal complaint against ISU on March 29, 2017.

ISU moved for summary judgment in the federal action and prevailed on 17 of the 18 claims because the Eleventh Amendment provided ISU with immunity from suit and Yu had not

named any state officials in his complaint. Only the Title VI claim remains in federal district court. The other 17 claims were dismissed on January 26, 2018.

On February 21, 2018, within a month of the federal district court's dismissal, and almost four years after filing his notice of tort claim against ISU, Yu filed the complaint that is at issue in this case, naming six defendants: ISU; Mark W. Roberts, ISU's Director of Clinical Training in the Psychology Department; Shannon Lynch, ISU's Chair of the Department of Psychology; Kandi Turley-Ames, ISU's Dean of the College of Arts and Letters; Cornelius J. Van der Schyf, ISU's Dean of the Graduate School; and Arthur C. Vailas, President of ISU (collectively, Defendants). The individual defendants were sued in their official and individual capacities. Yu's complaint alleged the same 17 claims previously dismissed by the federal district court: a 42 U.S.C. section 1983 claim for denial of his procedural and substantive due process under the Fourteenth Amendment, negligent infliction of emotional distress, promissory estoppel, and 13 claims asserting breach of contract.

On April 2, 2018, the Defendants filed a motion to dismiss this case for Yu's failure to comply with the ITCA and applicable statutes of limitation, and failure to state a claim for relief. Yu opposed the motion. The district court held a hearing, and ultimately granted Defendants' motion for dismissal. The district court determined that Yu had failed to comply with the ITCA with respect to all individual defendants because the 2014 notice of claim was only filed against ISU. In addition, the district court ruled that the applicable statutes of limitations for both personal injury and implied contract claims barred Yu's action since the latest date the claims could have accrued was October 2, 2013, when Yu's administrative appeal challenging his dismissal from ISU was final. All of Yu's claims were dismissed with prejudice.

Yu timely appealed the dismissal of his 42 U.S.C. section 1983 and breach of contract claims. While Yu states in a footnote that he also appeals the dismissal of his tort claim against ISU, but not the individually named defendants, he presents no arguments in his briefing. Because we will not review a trial court's action where the briefs contain no arguments or citations to authority, *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 17, 278 P.3d 415, 419 (2012), we will not review the dismissal of the tort claim.

## II.    STANDARD OF REVIEW

In reviewing Defendants' motion to dismiss, the district court properly converted the motion to a motion for summary judgment, pursuant to Idaho Rule of Procedure 12(d): "If, on a

3

motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Consequently, when reviewing the district court's order granting a motion to dismiss, the standard of review we use is the same as that used in summary judgment. *In re City of Shelley*, 151 Idaho 289, 291, 255 P.3d 1175, 1177 (2011); *Gibson v. Ada Cnty.*, 142 Idaho 746, 751, 133 P.3d 1211, 1216 (2006).

> The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the motion. *Baxter v. Craney,* 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c); *McCann v. McCann,* 138 Idaho 228, 232, 61 P.3d 585, 589 (2002).

*Gibson*, 142 Idaho at 751, 133 P.3d at 1216. This Court maintains free review over a statute's construction. *Id.* In addition, where there is no dispute over any issue of material fact, the time when a cause of action accrues is a question of law that this Court freely reviews. *Molen v. Christian*, 161 Idaho 577, 580, 388 P.3d 591, 594 (2017).

## III. ANALYSIS

### A. The district court did not dismiss Yu's federal and contract claims for failure to comply with the ITCA.

The first argument Yu raises on appeal is that the district court improperly dismissed all of his claims due to noncompliance with the ITCA when that statute does not apply to his federal 1983 claims or his breach of contract claims. He does not challenge the dismissal of the negligent infliction of emotional distress claim against the five individual defendants or the university, so that is not an issue before this Court. We do not reach the merits of Yu's argument because his reading of the district court's order is too broad. Fairly read, the district court's decision barred "all of the Plaintiff's claims subject to the Idaho Tort Claims Act as against the *individually named Defendants* for failure to comply with the mandatory notice requirements of that statute." (Emphasis added). The district court did not dismiss all of Yu's federal or contract claims for failure to comply with the ITCA. As discussed, *infra*, those claims were properly dismissed based on the applicable statutes of limitation.

### B. The district court correctly held that Yu's 42 U.S.C. section 1983 and breach of contract claims were barred by applicable statutes of limitation.

4

**1. Yu's federal 1983 claims.**

Yu asserts that the district court erred in dismissing his claims for alleged violations of 42 U.S.C. section 1983 as untimely. The district court determined that the last possible date of accrual of Yu's claims was October 2, 2013, when his last administrative appeal with the university was denied. Defendants concede this was the date of accrual for purposes of this appeal. Yu contends, however, that the date of accrual falls between March 13, 2016, and March 26, 2016, because that is the time period when he received expert opinions that laid the foundation of his due process and breach of contract claims. Thus, Yu argues the receipt of expert opinions gave him, for the first time, the requisite knowledge and awareness of his injury. We disagree with Yu's analysis.

Statutes of limitation play an important role in litigation. As stated by the U.S. Supreme Court:

> Statutes of limitation, . . . in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

*Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944). *See also Gabelli v. S.E.C.*, 568 U.S. 442, 448–49 (2013).

In 42 U.S.C. section 1983 actions, courts generally apply the corresponding state-law statute of limitation for personal injury torts. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5 (2005); *Albright v. Oliver*, 510 U.S. 266, 280 n.6 (1994); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). This Court applies the two-year statute of limitation set forth in Idaho Code section 5-219(4) to section 1983 actions. *McCabe v. Craven*, 145 Idaho 954, 957, 188 P.3d 896, 899 (2008). Under this statute, an action to recover damages for personal injury must commence within two years of "the occurrence, act or omission complained of." I.C. § 5-219(4). Accordingly, Yu's 42 U.S.C. section 1983 claims all fall under this two-year statute of limitation.

Although the length of the statute of limitation is governed by Idaho law, federal law governs the date on which a section 1983 cause of action accrues. *McCabe*, 145 Idaho at 957, 188 P.3d at 899. As stated by the U.S. Supreme Court, "accrual occurs when the plaintiff has a

complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotations and brackets omitted). "In other words, a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action." *Bradford v. Scherschligt*, 803 F.3d 382, 387 (9th Cir. 2015).

Yu seems to be advocating for the discovery rule, an age-old doctrine where "accrual is delayed until the plaintiff has 'discovered' his cause of action." *Gabelli v. S.E.C.*, 568 U.S. 442, 449 (2013) (internal quotations omitted). The discovery rule typically applies in cases of fraud, such as where deceptive conduct prevents a plaintiff from knowing he was defrauded. *See, e.g., Gabelli v. S.E.C.*, 568 U.S. 442, 449 (2013). Not only has Yu failed to allege or provide any evidence of fraud or concealment concerning his dismissal, Yu's reliance on the date of discovery is misplaced. The knowledge requirement for a section 1983 action falls on the date when there is knowledge of an *injury by the claimant*, not the date when a *specific theory of relief is identified by counsel.* For example, in the Ninth Circuit, a federal claim accrues at the time a plaintiff learns of his injury—when plaintiffs recognize harm and know the identity of the tortfeasor, even if additional harm arises later on. *Doe, 7 v. Josephine Cnty.*, 697 F. App'x 567, 568 (9th Cir. 2017); *Bradford*, 803 F.3d at 387.

Contrary to well-established case law, Yu's argument rests on his claim accruing at the time he discovered additional *legal theories*, namely breaches of contract and violations of due process. It is clear from the record, however, that Yu was aware of his injury since at least October 2, 2013, when the graduate school dismissed him from ISU at the end of his appellate process. Because Yu filed his action in state court on February 21, 2018, roughly four years and six months after his dismissal from ISU, his federal claims are time-barred by the two-year statute of limitations.

### 2. Yu's breach of contract claims.

Yu next argues that he had a written contract with ISU based on documents like ISU's Governing Policies and Procedures, graduate catalogs, student and faculty handbooks, and the American Psychological Association Accreditation standards. He continues to argue that the date of accrual of his breach of contract claims falls between March 13, 2016, and March 26, 2016, because that is when he received expert opinions that laid the foundation for his breach of contract claims. The distinction between implied contracts and written contracts is important to Yu's claims because a five-year statute of limitations for written contracts would make Yu's

6

breach of contract claims timely even under the October 2, 2013 accrual date. However, we agree with the district court's analysis that the cited documents, at best, give rise to a claim for breach of an implied contract with a four-year statute of limitations.

An action based upon an oral or implied contract must be brought within four years of the date of accrual, while an action based upon a written contract must be brought within 5 years. I.C. §§ 5-216 and 217. "The statute of limitations does not begin to run until a claim accrues upon the breach of the contract." *Spence v. Howell*, 126 Idaho 763, 770, 890 P.2d 714, 721 (1995).

It is well-settled that the "principal relationship between a college and its students is contractual." *Wickstrom v. N. Idaho Coll.*, 111 Idaho 450, 452, 725 P.2d 155, 157 (1986) (citing *Peretti v. State of Montana*, 464 F.Supp. 784, 786 (D.Mont.1979), *rev'd on other grounds,* 661 F.2d 756 (9th Cir.1981)). Because a formal contract is rarely prepared, "the general nature and terms of the agreement are usually implied, with specific terms to be found in the university bulletin and other publications; custom and usages can also become specific terms by implication." *Id.* (quoting *Peretti,* 464 F.Supp. at 786). Even where the contract's terms are within a university's published documents, Idaho courts have treated the contractual relationship between student and college as implied. *See Wickstrom*, 111 Idaho at 452, 725 P.2d at 157 (citing *Peretti,* 464 F.Supp. at 786) ("the general nature and terms of the agreement are usually implied, *with specific terms to be found in the university bulletin and other publications*;") (emphasis added); *George*, 121 Idaho at 38, 822 P.2d at 557 ("based on the excerpts of the University's Faculty–Staff Handbook . . . the University had an implied contractual obligation 'to fulfill its responsibilities in pursuit of the academic goals and objectives of all members of the university community,'").

There is no evidence in the record that Yu had an express or formal written contract with ISU. Nor has he shown how the documents he relies upon established contractual intent by the parties. His argument for a written contract—and its corresponding five-year statute of limitations—is based on ISU's written and published documents and policies. While the documents are in writing, they do not constitute an express contract between the student and university. Instead, at best, those writings provide the terms of an implicit agreement. *See Wickstrom*, 111 Idaho at 452, 725 P.2d at 157 (quoting *Peretti,* 464 F.Supp. at 786); *George*, 121 Idaho at 38, 822 P.2d at 557. Accordingly, a four-year statute of limitations for implied contracts

7

applies with the latest possible date of accrual on October 2, 2013; the date Yu's administrative appeals were exhausted. Because Yu filed his claims outside the requisite four-year period, the district court properly dismissed his breach of contract claims as time-barred.

**C.     Whether Defendants are entitled to attorney fees on appeal.**

Defendants claim they are entitled to attorney fees under Idaho Code section 12-121, which permits an award of attorney fees to the prevailing party where a case was "brought, pursued or defended frivolously, unreasonably or without foundation." In this case, we award attorney fees against Yu because he unreasonably pursued his claims. It was clear that Yu's claims were untimely under the applicable statutes of limitation and Yu failed to cite to any law to the contrary or make a good faith argument for overturning existing case law.

## IV. CONCLUSION

In light of the foregoing, we affirm the district court in dismissing all of Yu's claims with prejudice. We award attorney fees and costs to Defendants.


Chief Justice BURDICK, and Justices BEVAN, STEGNER and MOELLER CONCUR.